The State v. Anthony Betterton, Appellant.—295 S. W. 545.

Division Two, June 3, 1927.

1. **ESCAPE: From Prison Farm: Fatal Variance.** The statute (Sec. 3182, R. S. 1919) making it a felony for "any person confined in the penitentiary for any term less than life to escape therefrom without being guilty of breaking such prison" cannot be construed to include a convict detained at a prison farm and worked as a milkman who leaves the farm without permission and remains out of custody until apprehended. Nor can the words "prison farm" be written into the statute by the courts, or the words "confined in the penitentiary" be construed to mean detention on a prison farm as a worker. Therefore, where the information charges that the accused did feloniously "escape from the Missouri State Penitentiary, without breaking such prison, he . . . being then and there a person confined in said prison for a term less than life," and the proof is that, after being confined for some time in the penitentiary, he was detained at a prison farm, and worked as a milkman, and slept in one of the bunks, and one July evening left the farm without permission and remained out of custody until October, there is a fatal variance between the charge and proof.

2. ———: **Penal Statutes: Construction: Farm: Part of Prison Institutions.** Penal statutes must be strictly construed, and cannot be extended beyond the grammatical and natural meaning of their terms; and a statute authorizing the controlling officers of the penal and reformatory institutions to acquire and operate, in the name of the State, suitable lands for farming and other purposes, in the employment and training of convicts, and providing that such farms, when so acquired and operated, become a part of said institutions, does not make the escape of a trusty convict from such a farm an escape from the penitentiary.

3. ———: **Instruction: Definition.** Where defendant is charged under Section 3162, Revised Statutes 1919, which makes it a felony for any person "confined in the penitentiary for any term less than life to escape therefrom without being guilty of breaking such prison," an instruction telling the jury that "the words 'confined in the penitentiary' shall be construed to mean every place where any convict shall be kept, detained, confined or employed according to law" is erroneous, although Section 3173 says that "the terms 'place of confinement' or 'place of imprisonment,' as used herein, shall be construed to mean every place where any convict or prisoner shall be kept, detained, confined or employed according to law." The reason is that the terms "place of employment" and "place of imprisonment" as so defined are used in other sections relating to escapes, and are not used in Section 3162, and Section 3173 applies only to those other sections, and has no application to Section 3162.

---

Corpus Juris-Cyc. References: **Escape**, 21 C. J., Section 17, p. 831, n. 10.

Appeal from Cole Circuit Court.—*Hon. Henry J. Westhues*, Judge.

Reversed and remanded.

*Irwin & Bushman* for appellant.

(1) Criminal statutes are to be strictly construed; liberally in favor of the defendant and strictly against the State, both in the charge and in the proof. Implication is not allowed. Where one class of persons is designated as subject to its penalties, all others not mentioned are exonerated. No criminal statute is to be extended or enlarged by judicial construction to embrace offences or persons not strictly within its terms. State v. Bartley, 304 Mo. 58; State v. Reed, 125 Mo. 43; State v. Owens, 268 Mo. 481. (2) The statute under which defendant was convicted does not embrace or contemplate that a convict employed outside the prison walls and not under guard, and departing from his place of employment, has committed a crime. State v. Owens, 268 Mo. 481; State v. King, 114 Iowa, 413, 87 N. W. 282; Potter v. Commonwealth, 250 S. W. (Ky.) 496; Gibson v. State, 38 Ga. 571.

*North T. Gentry,* Attorney-General, and *A. M. Meyer,* Special Assistant Attorney-General, for respondent.

(1) The principal of the case of State v. Owens, 268 Mo. 481, cited by the appellant, is not applicable to the case at bar. The statute in that case made the breaking an element of the offense. In addition, there was no lawful authority for the custody of the prisoner which existed in the Owens case, for reasons which sufficiently appear from the reading of that opinion. In the instant case, on the contrary, the statute, in so many words, defines the offense as "without being guilty of breaking such prison." Sec. 3162, R. S. 1919; 21 C. J. 828, par. 14-15. (2) Where a prison break is not made an element of the offense, it is not necessary to prove it, and Instruction 6 correctly states the law of the case. Secs. 3162, 3173, 3160, 3161, 3163, R. S. 1919; State v. Whalen, 98 Mo. 222; 21 C. J. 828, par. 14. (3) The prison farm is a part of the penitentiary and is made such by statute and hence proof of an escape from that place is proof of escape from the confinement in the penitentiary. The placing of a convict on the prison farm for the purpose of working being authorized by a statute, makes the custody lawful and takes the case out of the rule in the Owens case. Secs. 12415, 12417, R. S. 1919; State v. Smitch, 169 N. W. 680; Jenks v. State, 63 Ark. 312, 39 S. W. 361. The fact that the defendant was a "trusty" does not make it impossible for him to escape since he violated the conditions of his trust. Jenks v. State, supra.

HENWOOD, C.—The appellant was tried and convicted in the Circuit Court of Cole County on the charge of escaping from the

penitentiary, without breaking such prison, while there confined for a term less than life. The jury assessed his punishment at imprisonment for two years and six months, and from the judgment and sentence based on the verdict he appealed. The charging part of the information reads as follows:

"Comes now Sam S. Haley, Prosecuting Attorney within and for the County of Cole and State of Missouri, for and on behalf of the State of Missouri, and upon his oath of office, informs the court that one Anthony Betterton, on the 22nd day of July, 1924, at the County of Cole, in Jefferson Township and State aforesaid, did unlawfully and feloniously *escape from the Missouri State Penitentiary, without breaking such prison,* he the said Anthony Betterton, *being then and there a person confined in said penitentiary* for a term less than life; against the peace and dignity of the State." (Italics ours.)

Section 3162, Revised Statutes 1919, under which the information is drawn, provides that—"if any person *confined in the penitentiary* for any term less than life shall escape *therefrom without being* guilty of breaking *such prison,* he shall, upon conviction, be punished by imprisonment in the penitentiary for a term not exceeding three years, to commence at the expiration of the original term of imprisonment." (Italics ours.)

There is no dispute as to the facts. Appellant pleaded guilty to a charge of forgery in Jasper County and was sentenced by the circuit court of that county to two years' imprisonment in the penitentiary. On November 7, 1923, he was duly delivered to the warden of the penitentiary at Jefferson City for confinement, but on July 22, 1924, and for sometime prior thereto, he was detained at State Prison Farm No. 3 near Algoa, in Cole County, where he worked as a "milkman" and "slept in one of the bunks." About nine o'clock in the evening of July 22, 1924, he left the Prison Farm without permission and remained out of custody until October 31, 1924, when he was apprehended in Arkansas and brought back to the penitentiary. At the expiration of his original term of imprisonment, on November 30, 1925, he was turned over to the Sheriff of Cole County, and the case now before us on appeal was started by the Prosecuting Attorney of Cole County.

The grounds for reversal now insisted upon by counsel for appellant in their brief were properly presented to the trial court in the motion for new trial, and all of the grounds assigned are directed to the question of variance between the offense charged and the proof tendered.

I. Appellant's contention that there is a fatal variance between the information and the proof must be sustained. In this case we are

limited to a consideration of that section of the statute (Sec. 3162)
which makes it a felony for "any person *confined in*
**Variance.**   *the penitentiary* for any term less than life to escape
*therefrom* without being guilty of breaking *such prison.*" Manifestly, the facts in this case, above stated, do not fit the charge made by
the information and the statute on which the information is based.
Keeping pace with the changing conditions in the supervision of offenders against the law and profiting by experience, our General Assembly has defined in separate and distinct sections of the statutes
various kinds of escapes of prisoners from different places of confinement and from the lawful custody of officers of the law, with and
without force, both before and after conviction. With such ample
protection for society in these separate and distinct provisions of
the law there should be no inclination on the part of our courts to
extend any particular section of the statute beyond its proper limits,
and we find no such inclination in the previous rulings of this court.
In the case of State v. Owens, 268 Mo. 481, the well-settled rule of
construction in this State is briefly but very clearly stated. And
WILLIAMS, C., speaking for the court, points out that this rule is
quite uniform in other jurisdictions. In that case the information
was based on Section 4381, Revised Statutes 1909 (Sec. 3163, R. S.
1919), which defines the crime committed by any person confined
*in any county jail* upon conviction for any criminal offense, or *held
in custody going to such jail*, who breaks *such prison or custody*,
whereas the evidence showed that the prisoner escaped from the custody of the street commissioner of the county seat in which the county
jail was located and in whose custody he had been placed for work
on the streets by the circuit court which tried and sentenced him.
In discussing the question of variance the court says:

"It will be noted that the above section limits the violation to a
breaking and escaping from a 'county jail' or from 'custody going
to jail,' and the statute in no manner undertakes to prescribe a penalty for escaping from a street commissioner into whose custody he
is placed for the purpose of being worked upon the streets, as charged
in the present indictment.   .   .   .

"It is a well-established rule that criminal statutes must be strictly
construed. Very appropriate to the discussion here is the language
used by the Kansas Supreme Court in discussing a section (182) of
the Kansas Code which appears to be almost an exact duplicate of
Section 4381, Revised Statutes 1909. The court said:

" 'Section 182 has reference to persons confined in a county jail
or held in custody going to such jail. As a rule, penal statutes must
be strictly construed, and they cannot be extended beyond the gram-

matical and natural meaning of their terms, upon the plea of failure of justice.  [Remmington v. State, 1 Ore. 281; State v. Lovell, 23 Iowa, 304; Gibson v. State, 38 Ga. 571.]

" 'We are not at liberty to interpolate into the statute "city prison" nor can we judicially determine that a "city prison" is a "county jail." It is therefore our opinion that the matters charged in the information do not constitute any offense within the statute.' [State v. Chapman, 33 Kan. 134.]"

See also State v. Bartley, 304 Mo. 58; State v. Reid, 125 Mo. 43; State v. King, 114 Iowa, 413; Potter v. Commonwealth, 250 S. W. 496; Gibson v. State, 38 Ga. 571.

It is true, as the learned Attorney-General argues, that the controlling officers of our penal and reformatory institutions are authorized to acquire and operate, in the name of the State, suitable lands for farming and other purposes, in the employment and training of convicts, and that when so acquired and operated they become a part and parcel of said institutions.  [Secs. 12414 to 12420, R. S. 1919; Laws 1921, sec. 548.]  And it might also be said for the humane side of the people of this great commonwealth that, through their chosen representatives in the General Assembly, they have provided that—"it shall be the policy of said board [now commissioners of penal institutions], so far as practicable, in the conduct of all penal or reformatory institutions and in the employment of the persons aforesaid in the different industries, to so train such persons that they may on leaving the said institutions be of good health and character and competent to earn an honest livelihood."  [Sec. 12420, R. S. 1919.]

But, from this, it does not follow that the escape of a "trusty" convict from the place of his employment and detention outside of and remote from the penitentiary is an *escape from the penitentiary.* Moreover, we find, by an examination of the cases cited by the Attorney-General in other states, that the statutes charged to have been violated are broad enough, by express provision, in each instance, to cover the escape established by the proof.  [State v. Smitch (Iowa), 169 N. W. 680; Jenks v. State, 63 Ark. 312.]  In other words, both the Iowa statute and the Arkansas statute in question provide in one and the same section for escapes of convicts *from the penitentiary* and *from custody while outside of the penitentiary.*

Appellant's Instruction A, in the nature of a general demurrer, offered at the conclusion of all of the evidence, should have been sus-

.tained. This disposition of the case would have precluded any action on appellant's Instruction B, in the nature of a special demurrer, which, however, correctly declared the law.

II. Ordinarily the conclusion reached on the question of variance would render unnecessary the discussion of other matters complained of, but we will consider also the State's Instruction 6, challenged by appellant, in order that the error therein appearing may be avoided in the future. This instruction says:

"The court instructs the jury that the words, 'confined in the penitentiary,' as used in these instructions shall be construed to mean every place where any convict shall be kept, detained, confined or employed according to law."

Obviously, the trial court was led into this error by Section 3173, Revised Statutes 1919, which provides that— "the terms 'place of confinement' or 'place of imprisonment,' as used herein, shall be construed to mean every place where any convict or prisoner shall be kept, detained, confined or employed according to law."

The terms "place of confinement" and "place of imprisonment" so defined, are used in other sections of the statute relating to escapes (Secs. 3154, 3155, 3156, 3157, 3158, 3159, 3164 and 3166 and 3167), but not in Section 3162, the section here involved, and the reasons for the non-use of such terms in this section plainly appear upon an examination of all of the sections mentioned. It follows that Section 3173, wherein such terms are defined, has no application to Section 3162 and that Instruction 6, above quoted, was, clearly, erroneous.

Our investigation discloses that Section 3161, Revised Statutes 1919, was framed to cover escapes of convicts under the circumstances shown by this record.

The judgment is reversed and the cause remanded, so that the State may, if so advised, proceed further under the section mentioned. *Higbee* and *Davis, CC.,* concur.

PER CURIAM:—The foregoing opinion by HENWOOD, C., is adopted as the opinion of the court. All of the judges concur.