STATE of Missouri, Respondent,

v.

William B. GOOCH, Appellant.

No. 52585.

Supreme Court of Missouri,
Division No. 1.

Oct. 9, 1967.

Motion for Rehearing or to Transfer to Court
En Banc Denied Nov. 13, 1967.

Norman H. Anderson, Atty. Gen., Jefferson City, Jack L. Eisen, Asst. Atty. Gen., Jolin, for respondent.

Russell T. Keyes, Jefferson City, for appellant.

HOUSER, Commissioner.

William B. Gooch was charged with escape from Missouri State Penitentiary under § 557.351, V.A.M.S., and with the prior commission of a felony under § 556.280. Found guilty and sentenced to 2½ years in the custody of the department of corrections, he has appealed.

That part of the information relating to the offense of escape charged that "on the 7th day of June, 1966, at Cole County, Missouri, the defendant, William B. Gooch, was lawfully confined in the Missouri State Penitentiary, an institution under the control of the State Department of Corrections of the State of Missouri, and the said William B. Gooch did unlawfully and feloniously escape therefrom and go at large, against the peace and dignity of the State."

Section 557.351, V.A.M.S., provides that—

"Any person sentenced to the state department of corrections upon conviction of escaping or attempting to escape from any state institution in which he was lawfully confined, or from the lawful custody of any person while being transported, shall be sentenced to the department of corrections generally for a term of not less than two and not exceeding five years."

Defendant, convicted of forgery and sentenced to 3 years confinement in the custody of the department of corrections in an institution designated by that department, was received at Missouri State Penitentiary and assigned to the Renz Farm, a prison farm owned by the State of Missouri. He was transferred to the farm "from the walls." He had been at Renz Farm five months or so when the alleged escape occurred. On June 7, 1966, while defendant was under the jurisdiction of the department of corrections, James Green, an employee of the department, picked up defendant at Renz Farm and took him to the greenhouse located on State Farm No. 1, where defendant was assigned to work. Defendant, a trusty, was left there at 7:30 a.m. with two other prisoners who were on the same work detail. The building was not locked. There were no guards. A prison officer routinely took the trusties to and from the greenhouse to Renz Farm, where they ate and slept. Prisoners were taken there under a standing order of the superintendent of the Renz Farm to work in the greenhouse. At the greenhouse they were "on their own," but were "supposed to stay" there; they were not "supposed to be any place else." At 10 a.m.

officer Green returned to the greenhouse to pick up the prisoners and take them back to the farm for their noon meal. Defendant was not present. The other prisoners did not know his whereabouts. Search of the immediate area did not disclose defendant. Bloodhounds led the officers to defendant, who was found 2 to 2½ miles east of the greenhouse, under some brush. When found he was not wearing a prison uniform. He had changed into a blue jacket. He had some clothes in his possession, and a box in which there was a road map of the State of Missouri, a knife, a pair of pliers, several candy bars and some canned meat. When found defendant was off state property, about 1½ or 2 miles east of the boundary line of State Farm No. 1 (the property on which the greenhouse is located).

The first question is whether the court should have directed a verdict for defendant for failure of proof. The contention is that he was charged with escape *from the penitentiary* but that he was not in the penitentiary and did not escape from the penitentiary, that he was assigned to Renz Farm and that under the state's evidence he escaped from State Farm No. 1. Appellant further asserts failure of the state to establish that the penitentiary is a part of the department of corrections, or that the penitentiary is an institution designated by the department for his confinement, or that State Farm No. 1 or the greenhouse located thereon is a part of the penitentiary.

■ State v. Betterton, 317 Mo. 307, 295 S.W. 545, cited by appellant, holds that there is a fatal variance between an information charging escape from the penitentiary[1] and proof of an escape by a convict detained at a state prison farm; that § 3161, RSMo 1919[2] [and not § 3162] was framed to cover such escapes. The Betterton case, however, is no longer controlling in view of the later en banc decision in Ex

Parte Rody, 348 Mo. 1, 152 S.W.2d 657, in which it was held that the words "confined in the penitentiary" appearing in § 4307, RSMo 1939, apply to a petitioner who was at a sawmill camp operated by the penitentiary and not in the penitentiary when he escaped (and that he was therefore deprived of the benefits of the three-fourths rule under § 9086, RSMo 1939). The court, referring to the three sections of the statutes on escape, said that "under their provisions any convict held in custody under a commitment for the service of a penitentiary sentence is at least constructively 'confined in the penitentiary,' whether he be going to the penitentiary, or in the penitentiary, or outside under guard." Appellant was constructively confined in the penitentiary on June 7, 1966, when he was stationed at the penitentiary greenhouse. When he escaped from the state farm on which the greenhouse was located he escaped from a "state institution in which he was lawfully confined," within the meaning of § 557.351.

■ As a matter of law the penitentiary is a part of the department of corrections. Section 216.020, V.A.M.S. provides that the department of corrections has power to control and jurisdiction over all adult correctional and penal institutions and activities in this state and § 216.365, V.A.M.S. provides that "There shall continue to be maintained as an institution *within the department of corrections* at the City of Jefferson, in the County of Cole, a state penitentiary * * * ." (Our italics.) State's Exhibit 2, a record of the department, shows that defendant was committed to the penitentiary.

■ Further, the penitentiary is an institution "designated by the Department of Corrections." The provision in the sentence and judgment that defendant be confined in the custody of the department of

---

1. in violation of § 3162, RSMo 1919 (escape from the penitentiary, while there confined, without breaking prison)

2. (escape from custody of the officers while out of prison under guard)

corrections "in an institution or institutions designated by said department" does not require a formal act of designation or certification of the penitentiary as an authorized, qualified and approved place of confinement, in order to punish for escape therefrom. This wording refers to the action of the division of classification and the classification committee in assigning the prisoner under §§ 216.211 and 216.212, V.A.M.S. See the cognate situation and similar ruling in McCullough v. United States, U.S.C.A., 8 Cir., 369 F.2d 548 [2].

■ We further rule that Renz Farm was designated as a place of imprisonment for defendant and that Renz Farm, State Farm No. 1 and the greenhouse located thereon are operations under the control of the department of corrections and are part and parcel of the penitentiary. There is evidence that defendant was assigned or transferred "from the walls," which in common parlance means from the main penitentiary, to the Renz Farm. The penitentiary record recites that on January 26, 1966 defendant was assigned to "Renz F." That the state prison farms are within the jurisdiction of the department of corrections is manifest. § 216.525, et seq., V.A.M.S. Harry Lauf, records officer employed by the department of corrections, testified that the greenhouse is located on the property commonly known as the "old Women's Prison" and also known as "Old Farm No. 1"; that this is situated adjacent to the east wall of the main penitentiary and is a part of the Missouri State Penitentiary.

It is urged that there is no testimony that the defendant "ever left state property or of an escape or attempted escape from any place." Andrew Volmert, corrections officer assigned to the bloodhound team, testified that he did not think that the place where defendant was found was part of the ground of the department of corrections; that from his knowledge of boundaries he would say that the defendant was found about 1½ or 2 miles east of the boundary of Farm No. 1.

■ That defendant was lawfully confined; that he left the greenhouse and departed from state property in violation of orders; that he was found 2 to 2½ miles east of the place where he was supposed to remain; that he was found in hiding; that he had changed into civilian clothes and had in his possession numerous articles of aid and assistance to one who is escaping, constitute sufficient evidence to justify a finding beyond a reasonable doubt that defendant intended to escape and was guilty as charged. The court did not err in overruling defendant's motions for a directed verdict at the close of the state's case and at the close of all the evidence.

■ Appellant's second point is that the court failed to instruct the jury in writing upon all questions of law necessary for their guidance, as required by Criminal Rule 26.02 (6), V.A.M.R., by failing to instruct on the two defenses of lack of intent to escape and double jeopardy. The alleged error was not presented to the trial court in the motion for new trial, and therefore has not been preserved for appellate review. There was an allegation that "the verdict is against the law under the evidence" and appellant seeks a review under that allegation, but this general allegation in the motion for new trial was insufficient to present the question to the trial court. Criminal Rule 27.20 (a); § 547.030, V.A.M.S.; State v. Alberson, Mo.Sup., 325 S.W.2d 773; State v. Ronimous, Mo.Sup., 319 S.W.2d 565; State v. Foster, 335 Mo. 577, 197 S.W.2d 313. Not having raised the point in his motion for new trial, appellant may not raise it in this court for the first time. State v. Caffey, Mo.Sup., 404 S.W.2d 171; State v. Butler, Mo.Sup., 310 S.W.2d 952; State v. Hopkins, 278 Mo. 388, 213 S.W. 126; State v. Perrigin, 258 Mo. 233, 167 S.W. 573; State v. Douglas, 258 Mo. 281, 167 S.W. 552.

Appellant's third point goes to the sufficiency of the information, it being urged that the information failed to fully inform defendant of the previous offense with which he was charged, in that it fails to state that the offense was punishable by imprisonment in the penitentiary *of the State of Missouri,* or that he was sentenced to *that* penitentiary, or *where* he was imprisoned. The paragraph of the information relating to the prior commission of a felony charged that defendant had been convicted of forgery in the Circuit Court of Dunklin County, Missouri, "an offense punishable by imprisonment in the penitentiary," on December 13, 1965; that defendant was sentenced to imprisonment for a 3-year term, and that in accordance therewith was "duly imprisoned." This was sufficient to inform defendant of the previous felony conviction with which he was charged. The necessary inference from these allegations is that the charge, sentence and imprisonment referred to the Missouri penitentiary. If in order to answer this charge defendant needed further enlightenment he had ample time and opportunity to move under Criminal Rule 24.03 for a bill of particulars. He had competent and experienced counsel. By his failure to move for a bill of particulars defendant waived any claim he may have had to more specificity in this regard. City of St. Louis v. Capitol Vending Co., Mo.App., 374 S.W.2d 519; State v. Haynes, Mo.Sup., 329 S.W.2d 640.

Point IV is that the court "erred in admitting the testimony of Plaintiff's Witness Green, his name not having been endorsed on the information." When defendant's counsel objected on this ground the prosecuting attorney stated to the court that he would have no objection to a continuance. Defendant's counsel demurred to this suggestion, whereupon the court offered to declare a recess to give counsel an opportunity to interview Mr. Green. This was declined. The court then offered to grant defendant "time" and this was declined. No affidavit for surprise was filed by defendant. The type of testimony Mr.

Green gave might readily have been contemplated. He was the officer who delivered defendant to the greenhouse and who reported him missing when he went back at 10 a.m. to fetch him for lunch. We find no prejudice to defendant in the action taken; nothing but a reasonable exercise of the trial court's considerable discretion. State v. Thost, Mo.Sup., 328 S.W.2d 36, 38.

Appellant's last point is that the court erred in refusing to admit in evidence certain testimony sought to be elicited from defendant's witnesses Tony Lopez and Fred Ryan. Lopez, one of the three prisoners transported to the greenhouse on the morning of the alleged escape, was asked on direct examination whether he had been accused of plotting an escape with defendant. An objection to this question was sustained. Nevertheless the witness answered "Yes, I was accused * * *," whereupon the court directed the jury to disregard the answer. Lopez was then asked whether he, Lopez, had been "sent over to the 'hole' " after defendant was brought back in the penitentiary. Between objection and ruling sustaining the objection he answered "I was sent to the 'hole.' " The prosecuting attorney requested that his answer be stricken and that the jury be instructed to disregard it. No ruling was made on this request. We find nothing prejudicial to the rights of the defendant in either of these rulings. Both bits of evidence were immaterial and inconsequential.

Ryan, who worked with defendant, testified that he had a conversation with defendant in the penitentiary after his return concerning defendant's intent on the day in question, but on objection the witness was not permitted to testify further as to the conversation. Appellant made no offer of proof. In his brief appellant states that if permitted to testify this witness "would have testified as to whether Defendant has intended to escape or not." Appellant does not definitely state that the witness would have testified that defendant told him he did not intend to escape, but assuming that

he would have so testified, such declarations by a defendant in his own interest, not shown to have been made as a part of the res gestae (he said the conversation was "out in the yard, one day, [while] pitching horseshoes"), were properly excluded as self-serving.

 The statutes relating to escapes from prison were changed in the Seventieth and Seventy-First General Assemblies. Sections 557.350, 557.360, 557.370 and 557.400, RSMo 1949, were repealed by Laws 1959, H.B. No. 10, § 1, and one new section to be known as § 557.351 was enacted. By Laws 1961, p. 331, section 557.351, RSMo 1959, was repealed and one new section to be known by the same number was enacted in lieu thereof. Although the information in this case follows the language of the first clause of Laws 1959, H.B. No. 10, § 1 more nearly than it follows the latest enactment on the subject, it nevertheless charges the essential facts. The gist of the offense proscribed by § 557.351 as that section is now written is escape or attempt to escape from a state institution in which a person is lawfully confined. While the information does not in terms charge that defendant was a "person sentenced to the state department of corrections", the allegation that defendant was lawfully confined in an institution under the control of that department is a charge of similar import and is the legal equivalent. The information is sufficient to support the judgment of conviction but we suggest that the better practice would be to charge escape in the language of present § 557.351.

We find the trial court's finding of a prior conviction, the verdict, and the judgment and sentence proper in form and substance, with the exception that defendant was sentenced to serve the time "to" instead of "in" the custody of the department of corrections. The intention, however, is clear and the misuse of the word "to" is inconsequential.

Appellant was represented throughout, both in the trial and appellate proceedings, by a lawyer. He was granted allocution. The punishment is within the legal limits. We find no prejudicial error.

Accordingly, the judgment is affirmed.

WELBORN and HIGGINS, CC., concur.

PER CURIAM:

The foregoing opinion by HOUSER, C., is adopted as the opinion of the court.

All of the Judges concur.