**STATE of Missouri, Respondent,**

v.

**Donald BROTHERS, Appellant.**

No. 56253.

Supreme Court of Missouri,
Division No. 2.

Oct. 11, 1971.

Rehearing Denied Nov. 8, 1971.

John C. Danforth, Atty. Gen., J. Michael Jarrard, Asst. Atty. Gen., Jefferson City, for respondent.

John Wm. Ringer, Dexter, for appellant.

DONNELLY, Judge.

This case involves an escape from confinement. On November 4, 1968, appellant was sentenced by the Circuit Court of Stoddard County, Missouri, to a term of five years for striking a police officer engaged in the performance of his duties, and was confined by the Department of Corrections in Jefferson City.

On January 5, 1970, appellant filed a motion to vacate, under Supreme Court Rule 27.26, V.A.M.R., in the Circuit Court of Stoddard County. On June 26, 1970, appellant was delivered by two guard officers from the state penitentiary to the Sheriff of Stoddard County and was placed in the Stoddard County jail.

Appellant was given an evidentiary hearing and, while awaiting his return to the state penitentiary, left the Stoddard County jail the night of July 6, 1970, by going out through a window of his cell.

Appellant was apprehended and was charged under V.A.M.S., Sections 557.351 (escape from a state institution) and 557.-380 (escape from a county jail). The State elected to proceed under Section 557.351, the jury returned a verdict of guilty, and appellant's punishment, under the provisions of the Habitual Criminal Act, was assessed at imprisonment for a term of five years. An appeal was perfected to this Court.

The question is whether the evidence adduced is sufficient to sustain the conviction under Section 557.351, RSMo 1969, V.A.M.S., which, at the time of the offense, *read* as follows:

"Any person sentenced to the state department corrections upon conviction of escaping or attempting to escape from any state institution in which he was lawfully confined, or from the lawful custody of any person while being transported, shall be sentenced to the department of corrections generally for a term of not less than two and not exceeding five years."

Sheriff Edsel Edwards testified, in part, as follows:

"Q State your name, please?

A Edsel Edwards.

Q And what is your occupation?

A Sheriff of Stoddard County.

Q And where is the county jail located of Stoddard County?

A Bloomfield, east of the courthouse.

Q And how long have you been Sheriff?

A Since January 1, 1969.

Q And who is the keeper of the Stoddard County jail?

A I am.

Q Do you live there in the building?

A Yes.

Q And were you living there in the jailhouse building in June and July of 1970?

A Yes, I was.

Q Did you have occasion to see the defendant, Donald Brothers, in June of 1970? A Yes, I did.

Q And where did you see him?

A In my office here in the courthouse.

Q And what was the occasion of you seeing him?

A The Department of Corrections had delivered him to Stoddard County.

Q And what was the date that they brought him down?

A June 26th, 1970.

Q And what did you do with him after the Department of Corrections delivered him to you?

A We put him in the jail.

Q And that is in the county jail here? A Yes.

Q And was he there in the jail for some period of time after that? A Yes.

Q Was he in jail on the 6th of July of 1970?

A Yes, he was."

We must hold, on the basis of the record before us, that the evidence is not sufficient to show appellant escaped "from any state institution in which he was lawfully confined, or from the lawful custody of any person while being transported * * *." The evidence shows only that he escaped from the Stoddard County jail. The conviction cannot stand. However, appellant is not entitled to be discharged. On the record presented, the cause should be remanded for a new trial. State. v. Patton, Mo.Sup., 308 S.W.2d 641[8].

It is apparent that the General Assembly anticipated the problem presented on this appeal. In its 1971 Regular Session, the 76th General Assembly repealed Section 557.351, RSMo 1969, V.A.M.S., and enacted in lieu thereof a new section, effective September 28, 1971, which reads as follows:

"Any person sentenced to the state department of corrections upon conviction of escaping or attempting to escape from any state institution in which he was lawfully confined *or from the lawful custody of any person* or willfully failing to remain within the extended limits of confinement or to return to an institution or facility designated by the director of the department of corrections when permitted to go at large shall be sentenced to the department of corrections for a term of not less than two and not exceeding five years." (Emphasis ours.)

Of course, this new statute, with its broadened provisions, is not available to the State in this case.

The judgment is reversed and the cause remanded.

MORGAN, P. J., and HENLEY, Alt. J., concur.

FINCH, J., not sitting.