**STATE of Missouri, Respondent,**

v.

**William W. ALDERMAN, Jr., Appellant.**

No. 9468.

Missouri Court of Appeals,
Springfield District.

Sept. 21, 1973.

557.390 RSMo 1969, V.A.M.S.)[1] while armed with a pistol. The sentence imposed was four years—two assessed by the jury and two added by the trial court as provided in § 556.140 RSMo 1969, V.A.M.S. Defendant was represented by court appointed counsel at trial and different appointed counsel upon this appeal which he was permitted to pursue in forma pauperis.

To properly determine the appeal here, we find it unnecessary to review each point relied on in the briefs of able counsel save defendant's claim that the evidence was insufficient to make a submissible case. If the evidence cannot sustain the conviction, then " 'plain error affecting a substantial right is involved from which manifest injustice must have resulted.' " State v. White, 439 S.W.2d 752, 753[2] (Mo.1969) ; Rule 27.26(c), V.A.M.R.

The General Assembly has defined in at least seven "separate and distinct sections of the statutes various kinds of escapes of prisoners from different places of confinement and from the lawful custody of officers of the law, with and without force, both before and after conviction. With such ample protection for society in these separate and distinct provisions of the law, there should be no inclination on the part of our courts to extend any particular section of the statute beyond its proper limits." State v. Betterton, 317 Mo. 307, 310, 295 S.W. 545, 546 (1927). Moreover the statute defining the particular offense charged must be construed liberally in favor of the defendant and strictly against the state [State v. Chadeayne, 323 S.W.2d 680, 685[4] (Mo. banc 1959) ; State v. Burris, 346 S.W.2d 61, 63[1] (Mo.1961)], and it will not be interpolated

---

John C. Danforth, Atty. Gen., G. Michael O'Neal, Preston Dean, Asst. Atty. Gen., Jefferson City, for respondent.

Devon F. Sherwood, Springfield, for appellant.

TITUS, Chief Judge.

Defendant was charged and convicted by a jury of breaking and escaping from the Greene County jail *before conviction* (§

1. Sec. 557.390—"If any person lawfully imprisoned or detained in any county jail . . ., upon any criminal charge, before conviction, for the violation of any penal statute, shall break such prison or custody and escape therefrom, he shall, upon conviction, be punished by imprisonment in the penitentiary for a term not exceeding two years, or in a county jail not less than six months."

Note, also, § 557.380—"If any person confined in any county jail upon conviction for any criminal offense . . ., shall break such prison . . ., and escape therefrom, he shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding three years, or in a county jail not less than six months, to commence at the expiration of the original term of imprisonment."

as embracing any but those clearly described both within the letter and spirit of the law. Should fair doubt exist as to whether the person charged is included within a given statute, that doubt will be resolved in favor of the accused. State v. Hall, 351 S.W.2d 460, 463[3] (Mo.App. 1961). An adjunct of the state's onus probandi is its burden of adducing substantial evidence of every constituent element of the charged offense. State v. Smith, 485 S.W.2d 461, 464[3] (Mo.App.1972); State v. Chester, 445 S.W.2d 393, 396[3] (Mo. App.1969). The constituent elements of the offense laid against defendant herein under § 557.390, supra note 1, are that "before conviction" he be "lawfully imprisoned or detained in any county jail" [State v. Rentschler, 444 S.W.2d 453, 456[7] (Mo.1969)] "upon any criminal charge . . . for the violation of any penal statute" [Wynes v. State, 468 S.W.2d 7, 8 (Mo.1971)], and that he "break such prison or custody and escape therefrom." State v. Pace, 402 S.W.2d 351, 352 (Mo. 1966).

■ To determine if the evidence presented was enough to sustain the conviction and judgment entered thereon, we test it in the light most favorable to the state. State v. Garrett, 494 S.W.2d 336, 337[1] (Mo.1973). In such a light it suffices to say that on May 22, 1972, defendant did break and escape from the Greene County jail while armed. We need, therefore, inspect only the evidence relating to the other constituent elements of the offense charged. As the following will reveal, it is brief and fatally flaccid.

State's Exhibit 2, "the booking sheet that the jailers fill out when the prisoners are brought in" to the Greene County jail, was not admitted into evidence. However, over defendant's protests, the chief deputy sheriff of Greene County was permitted to inform the jury that the rejected exhibit showed the defendant had been "booked in" at the Greene County jail on April 23,

1972, to be held for "Stone County." State's Exhibit 3, a certified copy of a judgment rendered by the Circuit Court of Stone County, recites that after a jury trial conducted April 12, 1972, defendant was found guilty of burglary in the second degree and stealing, and that on May 19, 1972, defendant's motion for a new trial was overruled, defendant was afforded allocution, and the court rendered judgment and pronounced sentence responsive to the verdict. See State v. Alderman, 498 S.W. 2d 69 (Decided July 24, 1973—Spfd. Dist. Mo.App.). The trial court first sustained defendant's objection to Exhibit 3 "because it does show a conviction which is not charged in this case," but nonetheless, and sans defendant's blessings, stated: "Ladies and gentlemen of the jury, for the record the state does not contend in this case that the defendant was under conviction at the time of the alleged offense." Later, while considering defendant's motion for judgment of acquittal after the state had rested, the court reversed itself and said to counsel: "The Court is of the opinion now that the Court probably erred in refusing State's Exhibit 3, and the Court is going to admit that into evidence at this time. Not for reading to the jury but [nor?] for any purpose except for the question being raised about the lawful confinement."[2]

■ The statutes quoted in note 1 herein (§§ 557.380 and 557.390) prescribing the punishment for breaking and escaping from a county jail "before conviction" and "upon conviction," are in pari materia and should be construed together. Ex parte Rody, 348 Mo. 1, 4[1], 152 S.W.2d 657, 659[1] (banc 1941). As the quantum of the possible punishment is greater for escaping "upon conviction" than "before conviction," we may assume the General Assembly reasoned a person already convicted required a stronger deterrent than one who had not been convicted and that breaking and escaping from jail after conviction was the more serious offense.

2. If this was not read or displayed to the jury, one wonders what evidence it possessed to make a finding that defendant was "lawfully imprisoned or detained" at the time he broke and escaped from the Greene County jail.

According to the record, the only justification for defendant's incarceration in the Greene County jail was because of the proceedings against him in the Circuit Court of Stone County for burglary and stealing. The wary reader will quickly perceive that defendant was "booked in" at Greene County jail eleven days after he had been convicted by the Stone County jury and that he was accused of breaking and escaping from jail on the third day after the Circuit Court of Stone County had pronounced sentence and imposed judgment.

The terms "convict" and "conviction" are not strangers in legal phraseology. As a verb, "convict" is commonly employed to signify a finding by the jury that the accused is guilty. For instance, aping scores of learned authors, this opinion is but a mimesis when it recounts that defendant was "convicted by a jury." State ex rel. Garnholz v. La Driere, 299 S.W.2d 512, 516 (Mo. banc 1957). In its ordinary legal sense, "conviction" denotes that particular stage in a criminal proceeding when a verdict of guilty is returned. 18 C.J.S. Convict-Conviction, at pp. 96–97. In a more restricted legal sense, "one who has been found guilty by the jury, but has not yet been sentenced, is not a 'convicted' person [for] a conviction without the imposition of a judgment was not a final conviction." Levin v. Carpenter, 332 S.W.2d 862, 866 (Mo.1960). Many illustrations of the foregoing repose within the Rules of Criminal Procedure. To cite a few, with our emphasis: Rule 27.01(d) "if they [the jury] *convict* the defendant;" Rule 27.02 "a verdict of *conviction;*" Rule 27.04 "in all cases of *conviction;*" Rule 27.05 "the defendant is *convicted;*" Rule 27.06 "they [the jury] *convict* the defendant; " Rule 27.08 "defendant has been *convicted;*" Rule 27.12 "any person *convicted;* " and Rule 28.11 "[a] *convicted* defendant shall be entitled to be admitted to bail, pending an appeal."

■ Authority indicates a person may be properly charged under § 557.380 for breaking and escaping from jail "upon conviction," either if he previously shall have been found guilty by a jury *or* if he previously has been finally convicted by imposition. of a judgment. A charge ˙is properly laid under § 557.390 only if defendant escapes pending trial and "before conviction." The defendant in State v. Ash, 296 S.W.2d 41, 42 (Mo.1956) was charged under § 557.380 with escaping "upon conviction" where the evidence disclosed the escape occurred after defendant had been "duly convicted by a jury in the circuit court [and was] committed to the county jail . . . to await a hearing for a new trial." Former Kansas statutes (K.S.A. 21–735 and 21–736) are nearly identical to §§ 557.380 and 557.390. The escape in Wiles v. Board of Probation and Parole, 191 Kan. 705, 383 P.2d 969, 970–971 (1963), occurred after petitioner's conviction but prior to his delivery to the state penitentiary, and the opinion noted that the trial court erred in ordering a two year sentence under K.S.A. 21–736 [§ 557.390] because that "relates to breaking jail before conviction." The Kansas Supreme Court in McQueen v. Crouse, 192 Kan. 821, 391 P.2d 68, 70[5] (1964) observed: "Such offense, that is, escaping while awaiting trial and *before* conviction, is covered by G.S.1949, 21–736 [§ 557.390]."

■ Irrespective of whether "conviction" obtains as the result of a guilty verdict or imposition of judgment, defendant's escape occurred *after* conviction and he was not guilty of jail escape *before* conviction under § 557.390. In a criminal case the defendant cannot be bound by the mere contentions of the state, and the court's aside to the jury that the state did not contend defendant was under conviction when he escaped, was a weightless pronouncement utterly devoid of evidential substance —it was not substantial evidence of the constituent element that the escape occurred *before* conviction. The burden was upon the state to affirmatively plead a negative, i. e., that defendant had *not* been convicted of the criminal charge for which he was lawfully imprisoned in the county jail at the time he escaped. State v. Pace, supra, 402 S.W.2d at 352. Thus being required to so plead, the state was required

to offer some proof thereof [State v. De-Groat, 259 Mo. 364, 375, 168 S.W. 702, 705[4] (1914)], and the difficulty, if any, of proof, did not dispense with the necessity of proving that essential constituent element. State v. Simler, 350 Mo. 646, 654, 167 S.W.2d 376, 382[7] (1943). Other representatives of the state have easily conquered similar problems in that regard. E. g. State v. Slicker, 342 S.W.2d 946, 948–949[5, 6] (Mo.1961); State v. Whalen, 98 Mo. 222, 225–226[2], 11 S.W. 576, 577[2] (1889). Furthermore, to compound its absolute failure to prove that defendant had escaped *before* conviction, the state produced evidence diametrically opposed thereto (State's Exhibit 3) which showed that defendant had, in fact, been convicted of the charge on which he was being detained. Defendant's conviction under § 557.390 cannot stand; however, he is not entitled to be discharged. State v. Patton, 308 S.W.2d 641, 644[8] (Mo. banc 1958); State v. Brothers, 472 S.W.2d 415, 417 (Mo.1971); State v. Betterton, supra, 295 S.W. at 547. On the record presented, our duty is to reverse the judgment and remand the cause. It is so ordered.

STONE, HOGAN and BILLINGS, JJ., concur.