STATE of Missouri, Plaintiff-Respondent,

v.

James Ray HULSEY,
Defendant-Appellant.

No. 10307.

Missouri Court of Appeals,
Springfield District.

June 24, 1977.

Motion for Rehearing or to Transfer to
Supreme Court Denied July 11, 1977.

---

John C. Danforth, Atty. Gen., J. Michael Davis, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Robert G. Duncan, Robert E. Hart, Duncan & Russell, Kansas City, for defendant-appellant.

BILLINGS, Chief Judge.

Defendant James Ray Hulsey was convicted of breaking county jail and escaping [§ 557.380, RSMo 1969]. In this appeal he contends that since he had not formally been sentenced after his jury conviction for armed robbery, he was not confined under "conviction" as set forth in the statute and thus his motion for judgment of acquittal should have been sustained. We affirm.

It was stipulated that defendant was confined in the Jasper County jail as a result of being convicted of a criminal offense at the time the state's evidence showed defendant and others broke jail and escaped.

From colloquy between court and counsel it appears that following defendant's conviction by a jury for armed robbery, he was incarcerated in the Jasper County jail, awaiting a ruling on his motion for new trial. By reason of the pending motion, allocution, sentence and judgment had not taken place.

§ 557.380 provides: "If any person confined in any county jail upon conviction for any criminal offense, or held in custody going to such jail, shall break such prison or custody, and escape therefrom, he shall, upon conviction, be punished by imprisonment in the penitentiary not exceeding three years, or in a county jail not less than six months, to commence at the expiration of the original term of imprisonment."

In *State v. Alderman*, 500 S.W.2d 35 (Mo. App.1973), Titus, C. J., had occasion to construe § 557.380 and § 557.390, the latter statute pertaining to breaking and escaping jail before conviction. What was said in *Alderman* with respect to "conviction" is equally applicable in this case.

"The terms 'convict' and 'conviction' are not strangers in legal phraseology. As a verb, 'convict' is commonly employed to signify a finding by the jury that the accused is guilty. For instance, aping scores of learned authors, this opinion is but a mimesis when it recounts that defendant was 'convicted by a jury.' *State ex rel. Garnholz v. La Driere*, 299 S.W.2d 512, 516 (Mo. banc 1957). In its ordinary legal sense, 'conviction' denotes that particular stage in a criminal proceeding when a verdict of guilty is returned. 18 C.J.S. Convict-Conviction, at pp. 96–97. In a more restricted legal sense, 'one who has been found guilty by the jury, but has not yet been sentenced, is not a "convicted" person [for] a conviction without the imposition of a judgment was not a final conviction.' *Levin v. Carpenter*, 332 S.W.2d 862, 866 (Mo.1960). Many illustrations of the foregoing repose within the Rules of Criminal Procedure. To cite a few, with our emphasis: Rule 27.01(d) 'if they [the jury] *convict* the defendant;'

Rule 27.02 'a verdict of *conviction*;' Rule 27.04 'in all cases of *conviction*;' Rule 27.05 'the defendant is *convicted*;' Rule 27.06 'they [the jury] *convict* the defendant;' Rule 27.08 'defendant has been *convicted*;' Rule 27.12 'any person *convicted*;' and Rule 28.11 '[a] *convicted* defendant shall be entitled to be admitted to bail, pending an appeal.'"

*Alderman* noted that in *State v. Ash*, 296 S.W.2d 41 (Mo.1956), cert. denied, 352 U.S. 1012, 77 S.Ct. 584, 1 L.Ed.2d 559 (1957), the defendant was charged under § 557.380 with escaping "upon conviction" where the evidence disclosed the escape occurred after the defendant had been jury convicted and was in the county jail awaiting a hearing on his motion for new trial.

Here, the defendant had been tried and convicted of first degree robbery. He was being held in the Jasper County jail *under conviction*, and like *Ash*, supra, was awaiting determination of his motion for new trial when he broke jail and escaped. Defendant was properly prosecuted under § 557.380, RSMo 1969.

Judgment affirmed.

All concur.