**STATE of Missouri, Respondent,**

v.

**Victor Z. SMITH, Appellant.**

**No. 38523.**

Missouri Court of Appeals,
St. Louis District,
Division One.

Aug. 23, 1977.

Robert C. Babione, Public Defender, Christelle Adelman-Adler, Asst. Public Defender, St. Louis, for appellant.

John D. Ashcroft, Atty. Gen., Paul Robert Otto and Jeffrey W. Schaperkoetter, Asst. Attys. Gen., Jefferson City, George A. Peach, Circuit Atty., James W. McCartney, Asst. Circuit Atty., St. Louis, for respondent.

CLEMENS, Presiding Judge.

A jury found defendant guilty of second degree burglary and under the Second Offender Act the court sentenced him to five years' imprisonment.

The evidence showed entry into Della Phillips' home by breaking a glass transom. A television set was stolen. Bloodstains were found in the house and a police serologist testified several matched defendant's blood type. He also testified he found another set of bloodstains differing from defendant's. Defense counsel claimed surprise at this and requested a continuance to review the laboratory reports. The trial court denied a continuance but did allow defense counsel half an hour to interview the police witness.

Police Officer Gary Aubuchon was expected to testify fingerprints found in the home matched defendant's. Due to Aubuchon's illness, just before trial he was replaced by Officer Gerald Hart; defendant objected to the late endorsement but was overruled.

Defendant assigns as error: (1) Denial of a mistrial when the prosecutor during voir

dire attempted to define "reasonable doubt," (2) denial of a continuance to review police laboratory reports containing previously undisclosed evidence of bloodstains of another person, (3) permitting an unendorsed witness to testify and (4) refusal of a mistrial for prejudicial closing argument.

■ Defendant first contends the trial court erred in denying a mistrial when the prosecutor attempted to define "reasonable doubt" on voir dire by stating that did not mean "any probability of a doubt." Granting a mistrial rests largely within the trial court's discretion; it is a drastic remedy and should be exercised only when no lesser action will remove the claimed prejudice. *State v. Few*, 530 S.W.2d 411[4–6] (Mo.App. 1975). Here, the court sustained the defense objection and instructed the jury to disregard the statement. This removed the prejudicial effect and the trial court did not abuse its discretion in denying a mistrial.

■ Defendant next contends the trial court erred in denying a continuance to review laboratory reports concerning bloodstains of a type other than defendant's. He contends this deprived him of favorable evidence requested in pretrial discovery. This, despite the fact the court allowed a half-hour delay to permit defense counsel to interview the expert witness.

In *Brady v. Maryland*, 373 U.S. 83, 83 S.Ct. 1194, 10 L.Ed.2d 215 (1962), the court held suppression of material evidence favorable to an accused violates due process. Similarly, our supreme court has held information known to the state must be produced when without it defendant's trial would be fundamentally unfair. *State v. Aubuchon*, 381 S.W.2d 807[5–10] (Mo.1964). These rulings have been codified by Rule 25.32, V.A.M.R.

In *State v. Collor*, 502 S.W.2d 258[6] (Mo. 1973), however, the court held evidence showing the existence of an accomplice was irrelevant to defendant's guilt. Here, fingerprint and blood-type evidence placed defendant at the burglary scene. Evidence of another's blood tended to show only that defendant had an accomplice. That was not material to defendant's guilt and need not have been disclosed before trial. The trial court did not err in denying a continuance.

■ Defendant next contends the trial court erred in allowing Officer Hart to testify because he was not endorsed until trial. Officer Gary Aubuchon had been endorsed to testify about fingerprints at the burglary scene matching defendant's. Upon learning Officer Aubuchon was ill the state substituted Officer Gerald Hart. Over defense objection the trial court permitted Officer Hart to testify.

Although delay in endorsement of witnesses is discouraged, a late endorsement is permissible if non-prejudicial. *State v. Jordan*, 532 S.W.2d 776[1] (Mo.App.1975). A trial court may permit such endorsement when considering such factors as whether the state intended surprise, acted deceptively or in bad faith (*State v. Glon*, 253 S.W. 364[1] (Mo.1923)), whether defendant was surprised (*State v. Webb*, 432 S.W.2d 218[1, 2] (Mo.1968)), or whether the testimony given might readily have been anticipated (*State v. Gooch*, 420 S.W.2d 283[14] (Mo. 1967)).

Officer Hart was substituted for Officer Aubuchon to give fingerprint identification testimony. Defense counsel expected Officer Aubuchon to be called and anticipated his testimony. Only the identity of the witness and not its substance could have surprised defendant. The prosecutor acted in good faith, the substance of the testimony was anticipated and the substitution did not disadvantage defendant. Furthermore, defendant failed to ask for a continuance and fully cross examined Officer Hart.

We will not reverse a conviction when the alleged error has not materially affected the merits of the action. Rule 84.13(b), V.A.M.S.; *Mid-Continent National Bank v. DeShong*, 538 S.W.2d 914[3–5] (Mo.App. 1976). Officer Hart's late endorsement does not rise to the level of material error requiring reversal.

Last, defendant contends the trial court erred in denying a mistrial because the prosecuting attorney remarked during closing argument: "If all these things are not enough, then we might as well open up the city jail and let them come running out of there." Defense objection was sustained and the jury instructed to disregard the remark, but the trial court denied a mistrial.

Defendant argues he was prejudiced because the remark struck personal fear into the jurors and unfairly characterized him by equating him with people held in the city jail. The argument is far-fetched and was neutralized by the court's corrective ruling. Compare *State v. Raspberry*, 452 S.W.2d 169 (Mo.1970).

Judgment affirmed.

DOWD and SMITH, JJ., concur.