STATE of Missouri,
Plaintiff-Respondent,

v.

Oscar Eugene LORENZE,
Defendant-Appellant.

No. 11300.

Missouri Court of Appeals,
Southern District,
Division One.

March 24, 1980.

---

1. All references to instructions are to those in MAI–CR (1974).

John D. Ashcroft, Atty. Gen., Jerry Short, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Robert H. Handley, Springfield, for defendant-appellant.

PREWITT, Judge.

Defendant was charged with escaping from custody after conviction of a criminal offense. § 557.380, RSMo 1969. He waived trial by jury and was convicted by the trial judge and sentenced to three years imprisonment.

On November 1, 1978, two bailiffs were returning defendant to jail from the Greene County Circuit Court after a jury had found him guilty of rape and determined that he should serve a sentence of 50 years imprisonment. After the bailiffs denied him permission to talk to members of his family outside the courtroom, he ran, vaulted over a railing and dropped approximately 25 feet down to a lower floor. Although he suffered head and leg injuries in the fall, he broke a glass door and left the courthouse. He was apprehended the next day.

Defendant presents these points for our review: (1) that the trial court erred in finding him guilty when the evidence failed to show that he had been in custody; (2)

that the information filed was insufficient because it alleged that he had been convicted on November 1, 1978, which conviction was not final and was being appealed at the time of his trial on this charge; (3) that the trial court erred in allowing a psychiatrist who testified for the State to read from his report on his examination of the defendant; (4) that he should have been found not guilty by reason of mental disease or defect; and (5) that the errors stated in points one through four denied defendant's right to due process of law and to a fair and impartial trial under the United States and Missouri Constitutions.

■ We consider first defendant's point one. Defendant contends that he was not "imprisoned or detained" in the county jail as charged in the information at the time of his alleged escape. The information charged that defendant "while held in custody by Greene County Circuit Court Bailiffs . . . going to the Greene County Jail, broke such custody and escaped therefrom, while, the said Oscar Eugene Lorenze, was a person lawfully imprisoned or detained in said county jail having been convicted on November 1, 1978, of the charge of rape, . . . ." The statute provided that it was illegal for any person to break from custody or escape if "confined in any county jail upon conviction . . . or held in custody going to such jail, . . ." § 557.380, RSMo 1969. Defendant was not physically restrained or handcuffed, but he was being escorted from the courthouse to the jail. As the bailiffs were taking defendant to the jail, they were attempting to exercise control over his person. Custody refers to the actual corporeal detention of a prisoner and also to where one person exercises control over the custody of another which confines such other person within certain limits. *State v. Baker*, 355 Mo. 1048, 199 S.W.2d 393, 396 (1947). One can be in custody even though his guard was several yards away. Id. See also 30A C.J.S. Escape § 5c(1). We believe there was sufficient evidence that he was in custody and the evidence is undisputed that he left the area without permission. Point one is denied.

■ Defendant's second point contends that he could not have been convicted of escaping while "upon conviction for any criminal offense" because his conviction was not final and at the time of trial was being appealed. In *State v. Hulsey*, 553 S.W.2d 719 (Mo.App.1977), the defendant contended that he was improperly charged under § 557.380, RSMo 1969. There he had not been formally sentenced but a jury had found him guilty and he escaped while he was being held in jail awaiting the determination of his motion for new trial. This court held that the charge under § 557.380, RSMo 1969, was proper as the defendant was being held "upon conviction". *State v. Hulsey*, supra, 553 S.W.2d at 721. Also see *State v. Alderman*, 500 S.W.2d 35 (Mo.App. 1973). Here defendant was being held in custody upon a conviction. Point two is denied.

■ We now consider defendant's third point. Defendant claims prejudicial error in the court allowing a psychiatrist to read from his report "when the witness had no independent recollection of his conclusions as well as his examination of the defendant, regarding the defendant's mental state at the time of the offense." The prosecutor asked the psychiatrist to explain the kinds of tests and procedures he went through in examining defendant. The witness replied:

"Well, I did a regular mental status psychiatric examination of this patient.

And at that time he appeared anxious and evasive, on interview.

I'm going to read from the report.

'He was dressed casually, with apparent good personal hygiene. He tried to relate to the interviewer the best he could, and his behavior was generally appropriate. He was cooperative, answered questions relevantly, coherently, logically. Speech was continuous, slow, and clear. His thought processes were organized, proceeded in a logical sequence, and easy to follow. There was no evidence of any looseness of association, blocking, tangentiality, nor pressure of speech.' "

Defendant's counsel interrupted and said that the witness appeared to be reading from his report and received permission from the court to question the witness. The doctor stated that he did have an independent recollection of the matters which he read from the report. The following then occurred:

> [defense counsel] "My objection, your Honor, at this time, I object to his reading I object to his testimony by his just reading from that report. Due to our non-stipulation of that particular report, he has to be here to testify. I think we could all read a report, if it were to be in evidence.
>
> I have no objections to the doctor refreshing his memory with the report, and then testifying, as opposed to just simply reading the report into evidence, as any individual might do. That would be my objection.
>
> THE COURT: Do you want to speak to that, Mr. Stevens?
>
> [Prosecutor] I have no objection to that, Your Honor. If Dr. Tan would like to refresh his memory, and tell us, from the best of his memory, what his conclusions were, and what tests he gave, that would be fine.
>
> THE COURT: See if we can conduct the examination that way. Proceed in that manner, then."

After the prosecutor asked the witness two more questions, defense counsel moved that the testimony where the doctor read from the report be stricken. This was overruled. The doctor thereafter testified to essentially the information that he had read from the report. He concluded that defendant was not suffering from a mental disease or defect excluding responsibility at the time he ran from the bailiffs and left the courthouse. We need not decide if the court should have stricken the testimony as we do not deem the portion read to be prejudicial. The doctor later stated basically the same things. Contrary to defendant's statement of this point, the doctor testified that he had an independent recollection of these matters. Reading from the report was not prejudicial to defendant. Point three is denied.

Defendant's fourth point contends that the trial court should have found the defendant not guilty by reason of mental disease or defect "since the only competent evidence regarding Defendant's mental state established a mental disease or defect in Defendant at the time of the offense." The State presented evidence that no mental disease or defect existed at the time of the offense. The only testimony offered by defendant that he was suffering from a mental disease or defect was that he had "completely blacked out" after being refused permission to talk to his family and didn't recall anything thereafter until he was two or three blocks away from the courthouse. At that time he had a knot on the side of his head and his leg was bleeding. This alleged lack of memory could have been due to striking his head on the floor and of course, the court did not have to believe his self-serving testimony. *State v. Frazier*, 587 S.W.2d 368, 370 (Mo.App. 1979). There was a sufficient basis for the trial judge's finding in this regard. Point four is denied.

Point five contends that because of the errors stated in points one through four, their effect was to deny defendant due process of law and a fair trial. As we find no prejudicial error under points one through four, point five necessarily is denied.

The judgment is affirmed.

All concur.