STATE of Missouri,
Plaintiff-Respondent,

v.

Danny Ray HAHN, Defendant-Appellant.

No. 12156.

Missouri Court of Appeals,
Southern District,
Division Two.

Dec. 3, 1981.

Michael Baker, Springfield, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

BILLINGS, Judge.

Defendant Danny Ray Hahn was found guilty by a Greene County jury of escaping from custody in violation of § 575.200, RSMo 1978, and sentenced to three years imprisonment. He contends he was prejudiced by the court's failure to sustain his motion to strike certain language from the State's information and that the evidence was insufficient to support his conviction for escape. We affirm.

Section 575.200, RSMo 1978, provides:

"1. A person commits the crime of escape from custody if, while being held in custody after arrest for any crime, he escapes from custody.

2. Escape from custody is a class A misdemeanor unless:

(1) It is effected by means of a deadly weapon or dangerous instrument or by holding any person as hostage, in which case escape from custody is a class A felony;

(2) The person escaping is under arrest for a felony, in which case escape from custody is a class D felony."

The State's information charged "that the defendant, in violation of Section 575.200, RSMo, committed the class D felony of escape from custody . . . while being held in custody after arrest for *capital murder or in the alternative first degree murder*, escaped from custody." (Our emphasis.)

On the day of trial and before the proceedings commenced, defendant orally moved to strike the italicized portion of the information "as being surplus language, and of course, being highly prejudicial to this defendant." Defendant agreed to stipulate he was being held in custody under a felony charge. The State noted that the information followed the Missouri Approved Charges-Criminal [MACH–CR 29.72] and that the instructions to the jury would contain the nature of the crime defendant was being held in custody for [MAI–CR2d 29.72]. Defendant's motion was denied and trial proceeded.

Defendant urges that § 575.200, RSMo 1978, only requires that the defendant was being held on a felony charge and the inclusion of the italicized words "could have" resulted in prejudice to the defendant by tipping the scales on the "close question of whether [defendant] had escaped or only attempted escape." We find no merit in defendant's contention. The information set forth the crime the defendant was charged with in order to show that he was lawfully detained and his escape was a class D felony. In *State v. Alderman*, 500 S.W.2d 35 (Mo.App.1973), we noted that the constituent elements of the offense of escape from custody before conviction are that (1) the person be lawfully imprisoned or detained in jail on criminal charges for violation of a penal statute and (2) that the defendant break such prison or custody and escape therefrom. Moreover, it is proper for the State to show the basis of the defendant's commitment to jail and the process under which the commitment took place

in the course of a prosecution for escaping jail before conviction. *State v. Slicker*, 342 S.W.2d 946 (Mo.1961). And, as pointed out by the prosecuting attorney when the court was considering defendant's motion, the information followed MACH–CR 29.72 and, under MAI–CR2d 29.72, the nature of the crime defendant was in custody for must be set out. The point is denied.

 Defendant's second point questions the sufficiency of the evidence to support the jury's verdict finding him guilty of escaping from custody. He avers the evidence, at most, demonstrates his attempted escape from custody. A brief review of the evidence will demonstrate this point is without merit.

While in jail defendant cut his wrists and was taken by officers to a Springfield hospital for medical attention. After defendant's wounds were treated, he and the officers were walking through the hospital. Defendant was not cuffed nor under any physical restraints. Suddenly, defendant broke and ran from the building, shutting the door behind him. The officers immediately pursued, but defendant was out of their sight for at least ten seconds before he was spotted by an officer, shot in the leg, and recaptured.

In *State v. Lorenze*, 596 S.W.2d 762 (Mo. App.1980), this court held that custody refers to the actual corporal detention of a prisoner and also where one person exercises control over the custody of another which confines the other person within certain limits. Here, when defendant ran from the officers and left their physical and constructive custody, he was no longer "confine[d] ... within certain limits." Id. at 764. Defendant's flight took him out of sight of the officers for a time. But for his thereafter being seen and shot, defendant's recapture would have been questionable. That defendant's escape was of short duration does not alter the fact that he was free of confinement by the officers. By fleeing the custody, actual or constructive, of the officers the defendant had effectuated his escape.

The judgment is affirmed.

PREWITT, P. J., MAUS, C. J., and HOGAN, J., concur.