THE STATE v. WILLIAM THOMPSON, Appellant.

Division Two, March 18, 1922.

1. **CONSPIRACY: Proof of.** A conspiracy may be shown by acts and circumstances indicating a joint purpose between defendant and other parties to aid each other in the commission of a crime.

2. ————: **Liability of One for Act of Another.** Where it is sought to hold one person criminally responsible for the act of another, it should be shown that he authorized such act or in some way aided or directed it; and usually a prima-facie case as to such conspiracy must first be made out before the declarations or acts of the co-conspirators are admissible against one another.

3. ————: **Felonious Assault with Intent to Kill: Demurrer to Evidence.** Where defendant and two others were jointly indicted for feloniously assaulting four police officers with intent to kill, there was a failure of proof where the evidence showed that defendant had lost his left arm and that, on the night in question, he was driving a Ford motor car, thirty miles an hour, over a slippery street and had four passengers in his car, and when pursued by the police officers in another car some one in his car fired three shots at the police car, but there was no evidence that defendant fired them or participated in the act, and the evidence was that a one-armed man could not, at the same time, have driven a Ford car and fired the shots under the circumstances. The most the evidence tended to prove was an attempt to escape the pursuing officers, but proof of a common design to commit another offense was not proof of a conspiracy to commit the crime with which defendant was charged.

Appeal from Jackson Criminal Court.—*Hon. Ralph S. Latshaw,* Judge.

REVERSED.

*E. E. Hairgrove* for appellant.

(1)   The indictment in this case was for the violation of Sec. 3262, R. S. 1919.  (a) There was no attempt made by the State on the trial to prove other than an assault with intent to kill by shooting.  (b) It is not sufficient that the defendant had knowledge of the assault having been made at the time, or that he acquiesced in the assault.  Flourney v. State, 25 Tex. App. 24; Stabler v. Commonwealth, 40 Am. Rep. 653.  (c) If there were no overt acts, there consequently could have been no assault:  16 C. J. 113-114.  (d) If the defendant did not have the ability to commit the crime, or did not assault the officers, there was no crime committed.  16 C. J. 116-17.  (2)   The evidence fails to show that the defendant made an assault upon the officers named in the indictment, in fact the evidence clearly and conclusively shows that the defendant at the time of the alleged shooting was engaged in his occupation as a common carrier, driving a Ford touring car; that he had lost his left arm long prior to the date of the alleged crime and that it required his remaining arm to steer the car; that he did not have a revolver or other fire-arm; that it required his entire attention to drive the car, as it was a wet dizzly night.  (3)   The defendant did not shoot the revolver that was found in the car, as he testified (and he was not contradicted) that he had never seen the revolver and did not know that any of his passengers had one.  There was no evidence whatever that Thompson was acting in concert with parties he had contracted to transport.  State v. Baird, 271 Mo. 9; State v. Harris, 209 Mo. 423; State v. Mulhall, 199 Mo. 202; State v. Anderson, 168 Mo. 412; State v. Kodat, 158 Mo. 125; State v. Moses, 139 Mo. 217; State v. Dooley, 121 Mo. 591.  (4) The State utterly failed to prove any motive on the part of the defendant for shooting, or wishing any one else to shoot the officers.

State v. Saunders, 106 Mo. 188; State v. Forsythe, 89 Mo. 667.

*Jesse W. Barrett,* Attorney-General, *J. Henry Caruthers,* Special Assistant Attorney-General, *R. W. Otto,* Assistant Attorney-General, for respondent.

There is substantial evidence of appellant's guilt and same was properly submitted to the jury. The court, after hearing and observing the witnesses, approved the verdict, and this court will decline to interfere. State v. Bond, 191 Mo. 564; State v. Cook, 207 S. W. 832; State v. Rumfelt, 228 Mo. 456.

HIGBEE, J.—The defendant and Edwin O'Neil and Charles R. Golden, *alias* Murphy, were charged by indictment with having, on September 4, 1920, feloniously assaulted Frank Nissen, George McNalley, Fred B. Ford and Patrick J. Donovan, policemen of Kansas City, with intent to kill. Thompson was tried separately, found guilty and sentenced to two years' imprisonment in the penitentiary, from which he appealed.

Thompson, who had lost his left arm, owned a Ford car and kept a jitney stand at 15th and Charlotte Streets. O'Neil and Golden, with two women, at about three a. m. of September 4, 1920, engaged him to take them to some place between 37th and 38th Streets on Indiana Avenue. It was a dark, rainy night. Nissen, McNalley and Ford testified that about 3:30 that morning they saw a car coming from the north on Indiana Avenue between 37th and 38th Streets, which appeared to be zigzagging across the street, "apparently looking for street numbers." The officers were in a Ford touring car equipped with a siren. They turned off their lights and waited until this suspicious car came up. They called to the driver to stop; that they were officers. Instead of stopping the driver drove rapidly away. The officers pursued the fleeing car at about thirty miles an hour, blowing the siren continuously. Officer McNalley recognized the de-

fendant, who was driving the car. During the chase and when the officers' car was from twenty to seventy-five or one hundred feet in the rear, three shots, coming from the left side of defendant's car, were fired. The officers saw the flashes, but no one saw who fired the shots. The first shot pierced the windshield in front of Ford, who was driving the officers' car. The other shots struck the top of the car. As soon as the first flash was seen, the officers fired repeatedly at the defendant's car. One shot punctured the left rear tire and the car stopped at the curb. The officers ordered the defendants out, searched them and found a revolver in the front seat of defendant's car, which contained three cartridges and three empty shells. Defendant said they were out getting fresh air; that the car was his and that he used it for livery and taxi business.

Defendant testified that he had been driving his car for taxi service for two years; that he owned no gun; that he saw no gun, nor heard one fired from his car that night, and knew of no one intending to shoot; that he did not see the police take a gun out of his car. He saw no one and no one spoke to him until the police car came up behind him and began to shoot into the rear of his car; that he then put on his brakes, ran into the curb and stopped as soon as he could. One tire was down and the street was slick. He knew McNalley. He further testified that he could not drive a Ford car and shoot at the same time. Officer Ford also testified that he didn't think that a man on a slippery night like that was could run a car thirty or thirty-five miles an hour with one hand and with the same hand shoot a revolver to the rear or front.

I. There was no evidence tending to prove that the defendant fired either one of the shots which the officers testified were fired from the defendant's car. **Failure of Proof.** In fact, the evidence for the State is that a one-armed man, driving a Ford car on a slippery street at the high rate of speed at which defendant's

car was being driven, could not have fired the shots either in front or to the rear. The officers testified they did not see who fired the shots. Nor was there any evidence tending to prove that the defendant participated in the act. Where it is sought to hold one person responsible for the act of another, it ought to be shown that he authorized such act or in some way aided or directed it. [Kelly's Crim. Law, sec. 368.] Usually, a prima-facie case as to such conspiracy must first be made out before the declarations or acts of the co-conspirators are admissible against one another. [State v. Swain, 68 Mo. 605, 613; State v. Fields, 234 Mo. 615, 623.] The rule is that a conspiracy may be shown by acts and circumstances indicating a joint purpose between defendant and other parties to aid each other in the commission of a crime. [State v. Simpson, decided in this Division, February 17, 1922.]

The most that the evidence tended to prove was that an attempt to escape the pursuing officers was made, but proof of a common design to commit another offense is not proof of a conspiracy to commit the crime with which the defendant was charged. [State v. Kennedy, 177 Mo. 98 (4).]

The judgment is reversed. All concur.