**STATE of Missouri, Appellant,**

v.

**Jackie L. BURRIS, Respondent.**

No. 48318.

Supreme Court of Missouri,

Division No. 2.

May 8, 1961.

John M. Dalton, Atty. Gen., Calvin K. Hamilton, Asst. Atty. Gen., for appellant.

T. E. Lauer, Cave & Lauer, Fulton, for respondent.

LEEDY, Presiding Judge.

The information in this case was, on motion of the accused (respondent), and prior to judgment, adjudged insufficient, thereby entitling the State to prosecute this appeal under Rule 28.04, V.A.M.R.

Omitting the formal parts of the opening sentence, the information charges "that on or about the 15th day of December, 1958, in the Circuit Court of Stoddard County, Missouri, the defendant, Jackie L. Burris, was duly and lawfully sentenced to the custody of the Department of Corrections of the State of Missouri for a period of eight years for the crimes of burglary and larceny; that on or about the 22nd day of September, 1959, the said defendant, Jackie L. Burris, was duly and lawfully imprisoned in the Missouri State Penitentiary, the same being an institution within the Department of Corrections of the State of Missouri, under said lawful sentence for felony theretofore imposed by the Circuit Court of Stoddard County, Missouri, and was then and there duly serving said sentence; that on or about the 22nd day of September, 1959, the said defendant, Jackie L. Burris, was, by order of the Division of Classification and Assignment of the Department of Corrections of the State of Missouri, transferred to State Hospital No. 1 at Fulton, Missouri, for custody, care and treatment for mental illness; that on or about the 25th day of September, 1959, and prior to the expiration of and prior to his legal discharge from imprisonment pursuant to said sentence of eight years for burglary and larceny, imposed by the Circuit Court of Stoddard County, Missouri, on or about the 15th day of December, 1958, as aforesaid, the said defendant, Jackie L. Burris, while confined and imprisoned in said Missouri State Hospital No. 1, at Fulton, Missouri, in compliance with said sentence and pursuant to the said order of the Division of Classification and Assignment of the Department of Corrections of the State of Missouri, as aforesaid, did, in Callaway County, Missouri, unlawfully, knowingly, intentionally and feloniously, by force and violence, break out of and escape from said imprisonment and confinement in the said Missouri State Hospital No. 1 at Fulton, Missouri, contrary to the form of the statutes in such cases made and provided, and against the peace and dignity of the State of Missouri."

The question presented is whether a prisoner lawfully transferred from a correctional institution of this state to a state mental hospital "for custody, care and treatment" as provided by § 546.623(2),[1] and who, prior to the expiration of his sentence, escapes from such hospital can be charged with the felony of escape under § 557.351. This section provides: "If any person confined in an institution under the control of the state department of corrections, or in lawful custody going to any such institution, or to any agency of the state department of corrections, or in custody of any officer or employee of the state department of corrections, escapes therefrom, or attempts to escape therefrom, he

---

1. All statutory references are to RSMo 1959 and V.A.M.S., unless otherwise noted.

shall upon conviction be punished by a sentence to the department of corrections generally for a term of not less than two years and not exceeding five years." As a penal statute, it is to be strictly construed against the State, and liberally in favor of defendant. The section was enacted by Laws 1959, H.B. No. 10, the title of which reads as follows: "An Act to repeal sections 557.350, 557.360, 557.370 and 557.400, RSMo1949, *relating to escapes from prison,* and to enact in lieu thereof one new section relating to the same subject, to be known as section 557.351, with an emergency clause." (Emphasis supplied.) This Act was approved April 17, 1959, and became effective on that date because of the emergency clause appended thereto, the emergency being declared to be: "There is at present no adequate law in this state punishing escapees from the Algoa Intermediate Reformatory and, because of the fact that many inmates are escaping from said institution and endangering the lives and property of the public," etc. ·

█ A breakdown of § 557.351 reveals that it sets up or creates three categories or situations in or under which the offenses it denounces (escape and attempting to escape) may be committed; that is, to be amenable to its sanctions, a person must have been either:

(1) "[C]onfined in an institution under the control of the state department of corrections"; or

(2) "in [any] lawful custody going to any such institution, or to any agency of the state department of corrections"; or

(3) "in custody of any officer or employee of the *state department of corrections.*" (Emphasis and bracketed word supplied.)

Obviously, the facts alleged in the information do not bring the case within category "(1)" because it is not alleged (nor is it contended here) that State Hospital No. 1 is "an institution under the control of the state department of corrections."

Indeed, the State expressly admits it is not such an institution, the correctness of which concession is made clear by those provisions of § 202.020 which specifically vest administrative control of said hospital (and other named institutions) in the division of mental diseases of the state department of public health and welfare, and authorize such division, with the approval of the said department, to "make all necessary orders for the government, administration, discipline and management of all such institutions." See, also, § 202.035(3).

Similarly, category "(2)" may be dismissed as inapplicable because it is not alleged in the information (nor contended here) that defendant escaped in transit, i. e., "while in lawful custody going to any such institution [under the control of the state department of corrections]" or "while * * * going to any agency" of said department.

This leaves for determination, then, only the question of whether category "(3)" (escaping from the "custody of any officer or employee of the state department of corrections") is applicable under the instant facts. The State vigorously contends it is so applicable, and, in fact, such is the basis of its appeal. The State first urges that the information "follows the words of the statute," and is, for that reason, sufficient. The critical allegations are that "while confined and imprisoned in said Missouri State Hospital No. 1, at Fulton, Missouri, in compliance with said sentence and pursuant to the said order of the Division of Classification and Assignment of the Department of Corrections of the State of Missouri * * *" defendant did "break out of and escape from said imprisonment and confinement in the said Missouri State Hospital No. 1 at Fulton, Missouri," etc. It is obvious that these allegations do not literally follow the words of the statute, there being no direct averment that defendant escaped from the custody of any officer or employee of the state department of corrections. So the question becomes whether, absent the statutory language, it appears substantively that

the custody in which defendant was held was of such nature as to bring the charge of escaping therefrom within the wording and intendment of category "(3)" of the statute. The State's claim that it does so appear is, in essence, that the effect of §§ 546.623, 546.625 and 546.627 is to make the mental hospital to which a mentally ill or incapacitated person is transferred an agency of the department of corrections to confine and render treatment to said prisoner, so that for the purposes of § 557.351 the officers and employees of such mental hospital are to be considered as officers and employees of the department of corrections, and hence defendant was constructively in the custody of the latter.

The sections just mentioned are new in the body of our law. See Laws 1959, H.B. No. 261, which repealed certain sections, and enacted these three new sections. They relate to persons who become mentally ill or incapacitated after conviction of a criminal offense, and prescribe certain procedures in such contingencies. One of the most significant of such procedures, as related to our question, is that authorizing transfer of such a person from a correctional institution to a state mental hospital, as provided by § 546.623(2): "If any person, after having been committed to any correctional institution of this state, becomes mentally ill or incapacitated prior to the expiration of his sentence, the division of classification and assignment may transfer the person to a state mental hospital for custody, care and treatment as provided by law for the transfer and reassignment of inmates from one correctional institution to another."

In the same connection, § 546.625 provides that "the time spent at the mental hospital shall be calculated as a part of the sentence imposed upon him * * * [and] shall, in addition to any reduction of time allowed under section 216.355, RSMo, be deducted from the term of the sentence."

The other section referred to is 546.627, the pertinent parts of which provide, in substance and effect: (1) When a transferred prisoner recovers before the expiration of his sentence, the superintendent of the hospital shall "so certify in writing to the division of classification and assignment. He shall thereupon be transferred to such correctional institution as the division may direct"; (2) Before discharging a transferred prisoner at the expiration of his sentence, the superintendent is required to receive verification of such expiration from the director of corrections; and (3) "The person so discharged may, in the discretion of the superintendent, be provided with the whole or a portion of the allowances granted to discharged prisoners by section 216.350 RSMo. The cost of such allowance shall be paid from the same funds as are allowances granted to persons discharged directly from a correctional institution."

While the basic authority underlying the detention (before the expiration of sentence) of a prisoner transferred to a mental hospital undoubtedly continues to be the sentence or commitment, nevertheless such transfer does operate to work marked changes in the status of his custody, as the statutory provisions to which we are about to refer will make clear. On this question, the purposes for which transfer is authorized become of prime importance, and this brings into focus the sense and meaning of the words we have italicized in the following provision of § 546.623(2): "* * * the division of classification and assignment may transfer the person to a state mental hospital for *custody, care and treatment* * * *."

Under § 216.223(3) (in relation to transfers from one correctional institution to another, and which section is, by § 546.623(2) made applicable to transfers of the kind here involved), it is provided: "Each person so transferred shall become an inmate of the institution to which he is transferred, and shall be subject to all its rules and discipline until such time as he may be discharged or paroled according to law." And under § 546.623(3) the expense of conveying the person to a mental hospital is to be paid out

of funds appropriated for criminal costs, but the expense of his custody, care and treatment shall be paid as provided by law for indigent patients (unless the person has property, in which event the cost shall be paid out of his property).

Contrary to the State's contention, we think that the circumstance that § 546.625 requires that "the time spent at the mental hospital shall be calculated as a part of the sentence," does not, in the light of the other provisions just noticed, indicate that the person remains in the custody of the department of corrections while undergoing treatment in the mental hospital.

We are of the view that custody of defendant had been lawfully transferred to, and was in State Hospital No. 1, so that he was not "in custody of any officer or employee of the state department of corrections" at the time he is alleged to have escaped, and therefore the information was properly quashed for failure to state an offense under the statute in question. That order and judgment is, therefore, affirmed.

All concur.