The STATE of Missouri, Plaintiff-Respondent,

v.

Clifford FAVELL, Defendant-Appellant.

No. 32437.

St. Louis Court of Appeals.

Missouri.

Jan. 17, 1967.

Richard L. Daly, St. Louis, for appellant.

Thomas W. Shannon, Pros. Atty., by James I. Bucher, Asst. Pros. Atty., St. Louis, for respondent.

CLEMENS, Commissioner.

Defendant Clifford Favell appeals from a judgment of the St. Louis Court of Criminal Correction convicting him of stealing a typewriter worth less than $50 and imposing a sentence of six months in jail. See §§ 560.156(2) and 560.161(1), V.A.M.S. The appeal raises a single issue: the sufficiency of the State's evidence.

Defendant Favell and Nelson E. Johnson were jointly charged and separately convicted of the theft. Only Favell appeals. On trial before the court, without a jury, just the State offered evidence. Defendant Favell then moved for discharge because of insufficient evidence to support his conviction, but the court denied his motion. After being found guilty, Favell renewed his motion for discharge and alternatively moved for a new trial. The only point made was the sufficiency of the evidence. The after-trial motion was denied, and judgment and sentence followed. Favell appeals, but he has not filed a brief. So, we limit our review to the single point raised in his after-trial motion and those matters specified in Rules of Criminal Procedure, §§ 28.02 and 28.08, V.A.M.R. State v. Holbert, Mo.App., 399 S.W.2d 142 [1].

■ To determine the sufficiency of the evidence to sustain the conviction, we consider as true the evidence favorable to the State and the favorable inferences reasonably flowing from that evidence. State v. Lee, Mo., 404 S.W.2d 740[6]. In that light, the State's evidence:

Ira Schroeder, owner of the typewriter, operated a welding shop on Washington Avenue in St. Louis. The shop had an office area in front and a work area at the rear; the typewriter, worth about $40, was in the office about ten feet from the front door. Mr. Schroeder's son Peter worked in the front office and Mr. Schroeder in the rear of the shop.

Peter Schroeder was alone in the office area using the typewriter when Nelson Johnson came in asking for work. He sent Johnson to the rear of the shop to "talk to the boss." While Johnson and Mr. Schroeder were in the back, Peter Schroeder left the office by the front door to move a parked truck. He did not see defendant Favell as he went out, but when he started the truck motor he saw Favell standing on the front step outside the office door.

Meanwhile, in the back of the shop Mr. Schroeder was at work when Johnson came to him from the office area to ask for a job. No work was available, so Johnson returned to the front of the shop; Mr. Schroeder saw him leave the building by the front door. By then, Peter Schroeder had left the office unoccupied. A few minutes later Mr. Schroeder went up front; no one was in the office, and the typewriter was gone. A short while later Mr. Schroeder saw defendant Favell for the first time—when the police returned with Johnson, Favell, two other men and the typewriter.

Police Officer Carl Hallgren was cruising the neighborhood when he saw Mr. Schroeder and others congregated in front of the welding shop. Apparently they told him of the missing typewriter, for he drove off in search of suspects. As Officer Hallgren reached an alley in back of the weld-

ing shop he saw four men walking eastward in the alley, about 250 feet away from him. He *did not notice any of them carrying anything.* The officer radioed for help and drove around to head off the four men at Ewing Street, two blocks from Schroeder's shop. He arrested them as they emerged from the alley—one of the men was Johnson, one was defendant Favell, and the other two were unidentified. At this point Officer Hallgren still did not see any of the men carrying anything. Soon other policemen arrived at the scene, and they took charge of the four men while Officer Hallgren searched the area. Twenty-five feet back up the alley from where the men had emerged, Officer Hallgren found Mr. Schroeder's typewriter, enclosed in a cardboard box. This was all the evidence.

■■ All persons who participate in a misdemeanor, either as principals or accomplices, are equally guilty. State v. Muchnick, Mo.App., 334 S.W.2d 386[1]. However, a difficulty arises here because the State has not filed a brief and we do not know whether it contends Favell is guilty as a principal or guilty as Johnson's accomplice. So, we will examine the sufficiency of the evidence to support defendant Favell's conviction in each capacity—first as a principal and then as an accomplice.

■ The evidence does not show Favell entered the welding shop or that he saw or could have seen the typewriter inside. We do not know how long the office was unoccupied, only that no one was there when Johnson left by the front door. There was no evidence that defendant Favell was ever in possession of the typewriter. The only evidence connecting him with the theft was his proximity to the welding shop office before the typewriter was stolen, and his presence nearby with three others when the typewriter was found in the alley. To convict Favell as a principal, the evidence must go beyond mere suspicion; his innocence is presumed until overcome by substantial evidence showing him guilty beyond

a reasonable doubt. And where guilt of stealing depends on circumstantial evidence, as it does here, the evidence must not only be consistent with guilt but inconsistent with innocence. 9 Mo.Digest, Criminal Law ■■ We hold that the evidence was insufficient to show Favell guilty as a principal. No two stealing cases are the same, but our conclusion has been influenced by the results reached in the cases of State v. Holt, Mo., 106 S.W.2d 466; State v. Murphy, 356 Mo. 110, 201 S.W.2d 280; State v. Rawson, Mo., 259 S.W. 421; and State v. Dilley, 336 Mo. 75, 76 S.W.2d 1085.

■ What then about Favell as an accomplice? To answer this we will assume the evidence is sufficient to support a stealing conviction against Nelson Johnson. All persons who *participate* in a misdemeanor are equally guilty. State v. Muchnick, supra. A corollary to this is tersely stated in State v. Thompson, 293 Mo. 116, 238 S.W. 786[2]: "Where it is sought to hold one person responsible for the act of another, it ought to be shown that he authorized such act or in some way aided or directed it." There is no evidence here that defendant Favell authorized or planned the theft. If he is guilty it must be because he participated by aiding or abetting Johnson in stealing the typewriter. Kansas City v. Lane, Mo.App., 391 S.W.2d 955 [2]. In that case, and in State v. Castaldi, Mo., 386 S.W.2d 392[1–3], the court quoted Judge Learned Hand in United States v. Peoni, 2 Cir., 100 F.2d 401 1. c. 402. "In order to aid and abet another to commit a crime it is necessary that a defendant 'in some sort associate himself with the venture, that he participate in it as in something that he wishes to bring about, that he seek by his action to make it succeed.'"

Here is the only evidence connecting defendant Favell with Johnson and the theft: Favell was seen momentarily outside the Schroeder welding shop while Johnson was inside; Favell was next seen two

blocks away, apparently empty-handed, walking down an alley with Johnson; Favell was still with Johnson when arrested at a place 25 feet away from where the typewriter was found in the alley. By contrast, there was no evidence that defendant Favell kept a lookout for Johnson, nor that he knew Johnson had stolen the typewriter, nor that he assisted Johnson in asportation or escape, nor that Favell himself was ever in possession of the typewriter. These are the usual acts of aiding and abetting larceny, and we do not find them here.

It is not enough that the evidence casts suspicion on defendant Favell. The crucial point is that the evidence fails to show beyond a reasonable doubt that Favell participated in the theft or that he sought in any way to make it succeed. At most, we may infer that Favell was present during asportation—that is not enough. Compare State v. Mathis, Mo.App., 129 S.W.2d 20, where the defendant was in a store with a shoplifter, looked on while the shoplifter stole clothing and jewelry, and then hurriedly left the store with the shoplifter. Also compare State v. Castaldi, supra, and State v. Bresse, 326 Mo. 885, 33 S.W.2d 919[5].

Having decided that the evidence was insufficient to show Favell's guilt as a principal, we also declare it insufficient to show his guilt as an accomplice.

The judgment is reversed and defendant Favell is discharged.

PER CURIAM:

The foregoing opinion of CLEMENS, C., is adopted as the opinion of this court. Accordingly, it is ordered that the judgment be reversed and that defendant Clifford Favell be discharged.

WOLFE, P. J., and ANDERSON and RUDDY, JJ., concur.