STATE of Missouri, Plaintiff-Respondent,

v.

Samuel Joseph SMITH, Defendant-Appellant.

No. 36551.

Missouri Court of Appeals, St. Louis District, Division One.

Sept. 9, 1975.

Kent Fanning, James C. Jones, Asst. Public Defenders, St. Louis, for defendant-appellant.

John C. Danforth, Atty. Gen., Preston Dean, Asst. Atty. Gen., Jefferson City, Timothy Verhagen, Asst. Atty. Gen., Brendan Ryan, Circuit Atty., St. Louis, for plaintiff-respondent.

WEIER, Presiding Judge.

Defendant, Samuel Joseph Smith, was convicted of stealing from a dwelling house. §§ 560.156, 560.161, RSMo 1969. Subsequent to the guilty verdict returned by the jury, and upon determining the defendant had a prior conviction, the trial judge sentenced the defendant to six years imprisonment.

On May 6, 1974 Mrs. Gertrude Jones, who resided in a duplex at 1906 North Euclid, St. Louis, Missouri, returned home from work to find the lock on her kitchen-basement door severed and her television set and portable radio missing.

Mr. William Robinson, Jr., who lived next to Mrs. Jones in the duplex, had arrived home at 3:00 p. m. on that day, shortly before Mrs. Jones, and had encountered the defendant who was leaving by way of Mr. Robinson's gate. Defendant was carrying a television set in a shopping bag, and said to Mr. Robinson, " 'Nothing happened to you, dad; nothing happened to you.' " After first checking on his family and his own side of the duplex, Mr. Robinson discovered Mrs. Jones' back door was open. Mr. Robinson instructed his children to call the police while he attempted to follow the defendant in his car. Mr. Robinson found the defendant had not walked very far and pulled his car alongside of him, inquiring about where the defendant got the television. Defendant answered that someone had given it to him, but when Mr. Robinson repeated his question, the defendant threw the television into Mr. Robinson's car through an open window. Mr. Robinson returned home with the television. He found Mrs. Jones had arrived home, whereupon she identified the set as belonging to her. Mr. Robinson then accompanied a police officer in a search for the defendant. Three blocks away the defendant was found and arrested.

On appeal, the defendant contends two reversible errors were committed by the trial court. First, defendant asserts the court below erred in denying defendant's motion for judgment of acquittal at the close of the evidence due to the insufficiency of the evidence. Defendant claims the state did not prove beyond a reasonable doubt that the defendant entered the premises of Mrs. Jones and removed her television set.

Initially we note that upon a motion for judgment of acquittal the facts in evidence and all favorable inferences reasonably drawn therefrom must be considered in the light most favorable to the state, and all contrary evidence and inferences should be disregarded. *State v. Jordan*, 495 S.W.2d 717, 719[1] (Mo.App.1973). Moreover, direct evidence is not necessary; circumstantial evidence is sufficient to sustain a conviction if the circumstantial evidence is consistent with a hypothesis of defendant's guilt and inconsistent with a hypothesis of his innocence. *State v. Cox*, 508 S.W.2d 716, 721[1] (Mo.App.1974).

The defendant was seen leaving the yard adjoining Mrs. Jones' home, carrying a

television which Mrs. Jones positively identified as belonging to her. Defendant uttered an incriminating statement to Mr. Robinson and when confronted by Mr. Robinson's inquiry about where the defendant had gotten the television, defendant threw the set into Mr. Robinson's car. The evidence in this case, therefore, unlike the cases cited by defendant for support [*State v. Favell*, 411 S.W.2d 245 (Mo.App.1967); *State v. Walker*, 365 S.W.2d 597 (Mo.1963)], shows more than a mere presence of the defendant at the scene of the crime and an opportunity to have committed the offense. An inference of guilt is clearly permissible from possession of property recently stolen. *State v. Holmes*, 434 S.W.2d 555, 558[4] (Mo.1968).

Additionally, it is well established that a reviewing court should not determine whether the charge has been proven beyond a reasonable doubt since that is an issue for the jury. *State v. Smith*, 377 S.W.2d 241, 244[2] (Mo.1964). Thus the evidence relating to finding Mrs. Jones' television set in defendant's possession, defendant's suspicious statement and actions, and Mrs. Jones' positive identification of the set warranted the jury's guilty verdict. *State v. Woolsey*, 328 S.W.2d 24, 25[2] (Mo.1959).

Defendant's second point on appeal is that the trial court erred in overruling defendant's objection to an allegedly improper statement by the prosecutor in his closing argument. The language objected to was:

"He [defendant] argues because he did not have a radio and did not have some tools there, this is the reason he is innocent. I submit to you that this man here, Smith, is a stupid thief, but he is not that stupid. He is not going to keep his wire cutters and the radio with him. He is not going to keep them on his person when he knows a neighbor has traveled three city blocks to get the television back. He is not going to be down at the corner listening to the radio. He is not that stupid. He is stupid enough to break into the house because he knows the lady is at work in the middle of the afternoon.

MR. FANNING: Objection; there is no evidence of that.

THE COURT: Overruled.

MR. PEACH (continuing): He is not stupid enough to break into the house with three or four people cooking lunch; he breaks into the same building, but he breaks in next door where he knows the woman is going to be at work."

The defendant argues that the prosecutor was injecting his own testimony into the record in violation of defendant's right to confrontation and cross-examination since he was referring to evidence not in the record. No evidence was introduced at trial showing that the defendant knew Mrs. Jones would be at work and her house left empty.

At the outset we recognize that a prosecutor has the right to draw any inference from the evidence which he in good faith believes to be justified. *State v. Feger*, 340 S.W.2d 716, 728[24] (Mo.1960). Moreover, the trial court has wide discretion in determining latitude in permitting argument of counsel, and we will not reverse unless this discretion has been abused resulting in prejudice to the defendant. *State v. Kimmins*, 514 S.W.2d 381, 382[1] (Mo.App.1974). The defendant was found in the vicinity of the victim's unoccupied residence with the victim's television set; thus the inference by the assistant circuit attorney that defendant knew the owner was not home was not an unreasonable inference. In addition, unlike the authorities defendant relies on for support, we see no prejudice to the defendant arising from the assistant circuit attorney's remarks since the defendant's strategy regarding a convenient time was immaterial to the proof of any elements of the offense charged.

Finding defendant's contentions to be without merit, the trial court's judgment is affirmed.

DOWD and RENDLEN, JJ., concur.