**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Jesse Lee HENDRIX,
Defendant-Appellant.**

**No. KCD 29197.**

Missouri Court of Appeals,
Kansas City District.

July 31, 1978.

As Modified on Court's Own Motion
Oct. 2, 1978.

Clifford A. Cohen, Public Defender, Kevin Locke, Asst. Public Defender, Kansas City, for defendant-appellant.

John D. Ashcroft, Atty. Gen., Michael H. Finkelstein, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

Before SOMERVILLE, P. J., and DIXON and TURNAGE, JJ.

DIXON, Judge.

Defendant was tried and convicted by a jury of robbery in the first degree; and, pursuant to the Second Offender Act, he was sentenced to fifteen years.

The point raised by the defendant does not require a detailed examination of the facts. It suffices to say that the evidence would indicate that the defendant robbed at gunpoint two individuals in the bedroom of their home, that one of the victims identified defendant by description and, subsequently, indicated the defendant was a distant relative. This witness also identified the defendant from photographs and at a lineup. The defendant offered an alibi defense by a single witness, a Mrs. Horton.

She testified that the defendant had come to her house to borrow money and that she had told him to come back on April 1 when she received her Social Security check. She said that the defendant came to her house during the evening of April 1 and stayed until after 3 a. m., and she did, in fact, loan him $5.00.

Defendant's single point is the trial court erred in failing to sustain objection to the argument of the prosecutor with respect to the witness Horton. Defendant asserts that the characterization of Horton as a woman "who was used by the defendant" was outside the evidence and the legitimate inferences to be drawn from the evidence.

The comment occurred during an argument by the prosecutor discussing the defendant's credibility and the validity of his alibi. In connection with that argument, the prosecutor asserted that the alibi was not true and then used the following language with respect to the witness Horton:

" . . . He knew that he had had it, as far as being found guilty of this crime, and he incorporated and created this story. And he used a woman like Mrs. Horton to help him.

Now, Mrs. Horton, I submit to you— you saw her on the stand—she's a woman, a very nice woman, who could be used, I think as she was used by this defendant, to come over on the first day of the month when she got her Social Security and borrow money off of her—

MR. BLOEMKER: I'm going to object to that as being improper argument.

THE COURT: The objection is overruled.

MR. HAGGERTY: You saw that she's the type of person to be used by a person like this defendant. And she would be used in the same fashion before this jury, unwittingly, unknowingly. She was used in an effort on the part of this defendant to get off from the crime of robbery. You'll have to weigh this testimony."

Argument of counsel is a matter resting within the sound discretion of the trial court and decisions concerning such argument will not be reversed absent a manifest abuse of that discretion. *State v.*

*Johnson,* 539 S.W.2d 493 (Mo.App.1976), *cert. denied,* 430 U.S. 934, 97 S.Ct. 1558, 51 L.Ed.2d 779 (1977). Unquestionably, the State has the right to comment upon the credibility of witnesses. *State v. Sallee,* 436 S.W.2d 246 (Mo.1969). The State has the right to draw inferences from the evidence which it in good faith believes to be justified. *State v. Smith,* 527 S.W.2d 731 (Mo. App.1975). It was apparent from the recitation of facts that the inference that the witness Horton could be used by the defendant was permissible and in good faith since she admitted a willingness to testify for the defendant and admitted her close relationship with him and the lending of money to the defendant. The case is strikingly similar to *State v. Gay,* 523 S.W.2d 138 (Mo.App.1975). An inference of untruthfulness of an alibi witness based upon a relationship to the defendant was appropriate for use in argument as affecting the credibility of the witness as is the case here. The argument as noted directed the jury to weigh that evidence in the light of the argument made.

Judgment and conviction affirmed.

All concur.