STATE of Missouri,
Plaintiff-Respondent,

v.

Jerry JACKSON, Defendant-Appellant.

No. 43802.

Missouri Court of Appeals,
Eastern District,
Division Two.

Dec. 7, 1982.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
Jan. 14, 1983.

James C. Jones, St. Louis, for defendant-appellant.

John Ashcroft, Atty. Gen., Kristie Green, Asst. Atty. Gen., Jefferson City, George Peach, Circuit Atty., St. Louis, for plaintiff-respondent.

DOWD, Judge.

Defendant's jury trial on separate counts of escape from custody and carrying a concealed weapon resulted in his conviction of both and concurrent sentences of seven years imprisonment. On appeal defendant contends the evidence was insufficient to support the verdict on each charge, and further alleges errors with regard to submission of an instruction, denial of his motion to sever counts, and denial of his motion to dismiss for failure to grant a speedy trial. We affirm.

In his first two points, defendant contends the trial court erred in overruling his motion for judgment of acquittal at the close of all the evidence as to each count. To consider these challenges to the sufficiency of the evidence, we set forth the

facts and reasonable inferences therefrom in the light most favorable to the verdicts, and we disregard all contrary evidence. *State v. Smith,* 527 S.W.2d 731, 732 (Mo. App.1975).

On September 26, 1979, Officers Schmittgens and Wood investigated a vehicle accident. Defendant, who identified himself as William Wright, was a party to the accident. An ambulance transported him to City Hospital No. 1 because he complained of chest pain. Beth Chagnon, a nurse in the emergency room, asked defendant to remove his shirt for x-rays. He refused initially but later complied, revealing a revolver as he moved it from his waistband to his left front trousers pocket. After the nurse took defendant to the x-ray room, she called the police and notified the hospital security guard. The guard took the revolver from defendant and shortly thereafter turned it over to Officers Schmittgens and Wood. Officer Wood placed defendant under arrest for carrying a concealed weapon, checked the x-ray room, and waited outside while a technician x-rayed defendant. When Wood saw the technician take the x-rays into an adjoining room, he went into the x-ray room and discovered that defendant had exited through a window. The officers subsequently found a rent receipt bearing defendant's name in the pocket of the shirt defendant had removed. Police apprehended defendant on January 23, 1980.

■ Pursuant to Section 575.200, RSMo 1978, "[a] person commits the crime of escape from custody if, while being held in custody after arrest for any crime, he escapes from custody." Defendant concedes that Officer Wood arrested him and for a short time held him in custody. Defendant contends, however, that when Wood left the room during the x-ray examination, he either abandoned custody or transferred custody to the technician. Defendant argues that he therefore did not commit the crime of escape from custody because he was not in custody when he left the hospital. Defendant relies on *State v. Burris,* 346 S.W.2d 61 (Mo.1961), wherein the court held that a person who was transferred from a state prison to a state mental hospital for "custody, care and treatment" and who later escaped from the hospital could not be charged under a statute making it a crime to escape the custody of the Department of Corrections. A major distinction is that the custody of the defendant in *Burris* had been officially transferred prior to his escape. The custody of defendant in the instant case was neither abandoned nor transferred; it remained with the arresting officer who waited outside the door so as to confine defendant to the x-ray room and who did not grant defendant permission to leave. "Custody" includes one person's exercise of control over another to confine the other person within certain physical limits. *State v. Hahn,* 625 S.W.2d 703, 705 (Mo.App.1981). A person can be in custody even though his guard is several yards away. *State v. Lorenze,* 596 S.W.2d 762, 764 (Mo.App.1980). We believe sufficient evidence supported the conclusion that when defendant left the x-ray room, he escaped from custody.

■ We also believe the evidence was sufficient to support a verdict of guilty on the charge of carrying a concealed weapon in violation of Section 571.115, RSMo 1978.[1] That charge requires proof of only two elements: (1) defendant's intention to carry a weapon concealed, and (2) concealment on defendant's person or in such close proximity as to be under his easy and convenient control. *State v. Cole,* 527 S.W.2d 646, 648 (Mo.App.1975). Defendant asserts that the evidence justifies a finding of concealment but not a finding of intention. When the evidence proves concealment, however, an inference of intent to conceal arises from the act of concealment. *State v. Jordan,* 495 S.W.2d 717, 720 (Mo.App.1973). The trial court did not err in overruling defendant's motion for judgment of acquittal.

1. Section 571.115, RSMo 1978, was repealed. The crime of carrying a concealed weapon is now charged under Section 571.030, effective September 28, 1981.

Defendant's third point is that the trial court erred in giving Instruction No. 9 defining "custody." Since defendant claimed he was not "in custody" at the time of his escape, he contends that the instruction assumed a disputed fact, constituted a comment on the evidence, and deprived the jury of its fact-finding function. Defendant failed, however, to specifically object to the instruction either at trial or in his motion for new trial; he therefore has not preserved any error for review. Rule 28.03; *State v. Martin,* 620 S.W.2d 54, 55 (Mo.App. 1981). Although defendant asks us to consider this point under the plain error rule, "plain error does not result in connection with instructions unless the court has so misdirected or failed to instruct the jury on the law of the case as to cause manifest injustice." *State v. Murphy,* 592 S.W.2d 727, 733 (Mo. banc 1979). The trial court submitted Instruction No. 5, a verdict director on the charge of escape from custody, in the form of MAI–CR 29.72. The court then complied with that instruction's Note on Use 4, which requires the court to define "custody" in a separate instruction upon the proper written request of the state or the defendant. Instruction No. 9 defined "custody" in accordance with MAI–CR 33.01 and was submitted upon the state's request. No manifest injustice resulted. Point denied.

Defendant next alleges error in the overruling of his motion to sever counts in that the ruling deprived him of constitutional due process of law by unnecessarily chilling the exercise of his right to testify in his own defense regarding the escape charge. According to his argument, defendant wished to testify as to that charge but wished to remain silent as to the charge of carrying a concealed weapon, and severance would have permitted those options. Because defendant believed he would face cross-examination as to both unsevered counts, he chose not to testify at all. We find defendant's point meritless.

Offenses based on two or more acts that are part of the same transaction may be charged in separate counts in the same indictment. Rule 23.05(b).[2] Considering that the crimes of escape from custody and carrying a concealed weapon were so closely related as to time and place and that the escape occurred because of the arrest for the other charge, we find that the two acts were part of the same transaction. For a comparable situation, see *State v. Callies,* 588 S.W.2d 18 (Mo.App.1979). Further, under Section 575.200, RSMo 1978, proof of the elements of escape from custody requires proof of an underlying arrest for a crime. Identification of that crime is essential since Section 575.200 also provides for greater punishment when the underlying arrest is for a felony. *See State v. Willis,* 602 S.W.2d 9, 11 (Mo.App.1980). Thus, evidence of the charge of carrying a concealed weapon necessarily would have come into the trial on the charge of escape.

When counts are properly joined, the decision whether severance is nonetheless required to avoid prejudice is within the trial court's sound discretion. Rule 24.-07; *State v. McCrary,* 621 S.W.2d 266, 272 (Mo. banc 1981). The record before us does not reveal in what manner defendant was prejudiced by the denial of severance or by his consequent decision not to testify. We may not interfere with the trial court's ruling absent a clear showing of prejudice and abuse of discretion. *State v. Shive,* 621 S.W.2d 715, 716 (Mo.App.1981). Defendant has made no such showing.

In his final point, defendant contends the trial court erred in overruling his motion to dismiss for failure to grant a speedy trial. Defendant alleges that he was brought to trial on the charge of escape from custody 185 days after the date of arraignment, in violation of Missouri's Speedy Trial Act limiting the time lapse to 180 days. § 545.780, RSMo 1978.

To calculate the 180 days, defendant counts from the date he was initially arraigned on the escape charge, March 13, 1980. That charge was nolle prossed, however, following defendant's indictment on

2. Now Rule 23.05 following amendment May 18, 1981, effective January 1, 1982.

June 18, 1980, for the present charges of escape and carrying a concealed weapon. Arraignment on both charges occurred June 25, 1980. In reviewing defendant's speedy trial claim, we count only those days after arraignment on the final charge; we do not consider the time that elapsed in connection with the nolle prossed charge. *State v. Allen,* 641 S.W.2d 471 (Mo.App.1982). The statutory 180 days thus commenced June 25, 1980. Trial began 124 days later on October 27, 1980, well within the statutory limit. Point denied.

The judgment is affirmed.

SNYDER, P.J., and LACKLAND H. BLOOM, Special Judge, concur.