**STATE of Missouri,
Plaintiff-Respondent,**

v.

**Earl Powers INMAN,
Defendant-Appellant.**

**No. 47236.**

Missouri Court of Appeals,
Eastern District,
Division Two.

May 29, 1984.

Motion for Rehearing and/or Transfer to
Supreme Court Denied
July 12, 1984.

Application to Transfer Denied
Sept. 11, 1984.

John Ashcroft, Atty. Gen., Robert L. Swearingen, Asst. Atty. Gen., Jefferson City, for plaintiff-respondent.

J. Martin Hadican, Clayton, for defendant-appellant.

SIMON, Judge.

Defendant, Earl Powers Inman, appeals from a conviction of three counts of attempted stealing over $150.00 by deceit in violation of §§ 570.030(1) and 564.011 RSMo 1978. Following the jury's verdict in the Circuit Court of the City of St. Louis, the defendant was sentenced to six months on each of the three counts; the terms to run consecutively and was fined $2,500 on each count for a total of $7500.

On appeal, defendant contends the trial court erred: (1) in failing to sever each of

the counts because joinder was improper under Rule 23.05; (2) in failing to grant his motion for separate trials resulting in prejudice to the defendant; (3) in overruling defendant's objection to the state's cross-examination concerning defendant's use of aliases; and (4) by ordering the sentences to run consecutively because this order was not a result of the exercise of the trial judge's discretion. We affirm.

Inasmuch as the defendant does not challenge the sufficiency of evidence only a brief recitation of the pertinent facts will be given.

Prior to trial, defendant filed his motions for separate trials and severance; both motions were overruled.

At trial, the state presented evidence that the defendant visited the homes of three different customers and informed them that they needed new furnaces. The state's first witness, Valerie Lumma, called a company listed as Arm-Con in the phone book. On June 1st, the defendant arrived at her house and after he had cleaned the furnace she overheard defendant tell her husband the heat exchanger was cracked, and that they would need to install a new furnace. When asked, the defendant would only tell her his name was Earl. The truck the defendant was driving had the name American on it and the receipt he left with the Lummas bore the name Arco. In all there were three different names given. When asked about the different names, the defendant told Mrs. Lumma they were subsidiaries that he owned.

On February 18, 1982, in response to a call from Nancy Ernst, the defendant inspected her furnace and Ms. Ernst testified that the defendant had informed her that there were cracks in the heat exchanger making it necessary to replace it.

On February 27, 1982, the defendant responded to a phone call from Margaret Walsh. She testified at trial that after the defendant inspected her furnace, he told her that the furnace was cracked and she would need to replace it with a new furnace.

Each of the witnesses called other furnace repairmen for a second opinion and they were all told that their respective furnaces did not have cracks and did not have to be replaced. Subsequently, Ms. Ernst contacted the police and arranged to have the defendant revisit her home and give her a firm estimate in the presence of police detective Wondracheck, who was posing as her husband. The defendant wrote up a contract including a provision stating he would haul away the old furnace. The defendant was then arrested by detective Wondracheck.

On cross examination the prosecutor asked the defendant if he ever used any name other than Earl Inman and he admitted to using the aliases of Carl Lemon as well as Carl Simon. The defendant's relevancy objection was overruled. At the close of the trial, the jury found the defendant guilty on all three counts and he was sentenced to three consecutive six month terms and fined a total of $7500. The defendant appeals from the conviction and sentence.

Defendant's first and second points on appeal will be considered together.

Defendant alleges that joinder of the three counts of attempted stealing over $150 by deceit was improper pursuant to Rule 23.05. "[O]ffenses that are based on the same act or on two or more acts that are part of the same transaction or one two or more acts or transactions that constitute part of a common scheme or plan may be charged in the same indictment or information in separate counts." Rule 23.05. The defendant contends the offenses have no factual nexus so joinder could only be proper if they were part of a common scheme or plan, however, he asserts the fact that each offense occurred at a different time, location and to different participants negates this.

■ As the defendant recognizes, the ultimate test for determining the existence of a "common scheme or plan" for purposes of joinder under Rule 23.05 announced by the Supreme Court of Missouri in *State v. McCrary,* 621 S.W.2d 266 (Mo.banc 1981)

applies in this case. To be a common scheme or plan the offenses charged must be "products of a single or continuing motive." *Id.* at 271. In cases decided after *McCrary,* offenses which were properly joined involved different victims, times and circumstances. See *State v. Allen,* 641 S.W.2d 471 (Mo.App.1982) and *State v. Allbritton,* 660 S.W.2d 322, 326 (Mo.App. 1983).

■ Our inquiry is whether the defendant was tried on improperly joined charges and this determination should be made on the basis of the evidence adduced. *Allen,* at 474.

■ Here the evidence was sufficient to establish a common scheme or plan in the activities of the defendant. In response to requests from three customers to clean or inspect their furnaces, the defendant told each of them their furnaces suffered from the same malady, that the heat exchanger was cracked and in the interests of safety, they should allow the defendant to replace their furnaces. A witness testified the defendant refused to tell her his full name and used three different names in connection with the company he supposedly represented. The offenses occurred within four months of each other, involving the same method of misrepresenting the condition of the furnaces and a repeated course of conduct by the defendant. The defendant's conduct was the implementation of a plan to use his business to steal from those relying on his judgment. The three counts, therefore, were properly joined pursuant to Rule 23.05.

■ "When counts are properly joined the decision whether severance is nonetheless required to avoid prejudice is within the trial court's sound discretion." *State v. Jackson,* 645 S.W.2d 725, 728 (Mo.App. 1982); and *McCrary,* at 272. An appellate court may not interfere with the trial court's ruling absent a clear showing of prejudice and abuse of discretion. *Jackson,* at 728. In deciding whether to grant a motion to sever, the trial court weighs the benefits of joining the offenses against

potential prejudice to the defendant. "In assessing prejudice, the court should consider the number of offenses charged, the complexity of the evidence offered and the ability of the jury to distinguish the evidence and apply the law intelligently to each offense." *State v. Couvion,* 655 S.W.2d 80, at 82 (Mo.App.1983). The evidence was not complex, the circumstances were similar at the three different households and nothing in the record indicates the jury could not distinguish between the evidence and apply the law to each offense. We find the trial did not abuse its discretion and defendant's first and second points are meritless.

In his third point, defendant contends the trial court erred in allowing, over his objection, the state to cross-examine him concerning prior aliases he used.

At the trial, a witness, Mrs. Lumma, testified that when she asked the defendant his last name he would not tell her. On direct examination, the defendant claimed he did not refuse to tell Mrs. Lumma his last name. Subsequently, on cross-examination the prosecutor asked the defendant if he had ever used another name. He replied he had used the name Carl Lemon. He was then asked if he ever used the name Carl Simon. The defendant objected on the grounds that the questioning was irrelevant and prejudicial. The trial court overruled the objection in view of Mrs. Lumma's testimony that the defendant had refused to give his name and thus allowed the defendant's impeachment.

■ Questions of relevancy are left to the discretion of the trial court and its ruling will be disturbed only if there is an abuse of discretion. *State v. Wood,* 596 S.W.2d 394, 401 (Mo.1980). "Evidence is relevant if it logically tends to prove or disprove a fact in issue or to corroborate evidence which itself is relevant..." *Id.* at 402. Here the evidence concerning the defendant's name or use of names was relevant since there was testimony that the defendant had different names for his companies placed in the phone book, on his truck and the receipts he used and had

refused to give his last name when asked three times by Mrs. Lumma. The record fails to show the defendant was prejudiced. This point is also without merit.

The final point raised on appeal is that the trial judge erred by ordering the sentences to run consecutively because its order was based on the intention of the jury as communicated through the prosecutor. The defendant's attorney alleged by his affidavit that the prosecutor informed him that the prosecutor had spoken with the jurors after they were discharged from the case, and the jurors disclosed to him that they intended the sentences to run consecutively. Prior to sentencing, the prosecutor, in chambers, relayed this information to the trial court judge.

No record of the prosecutor's conversations either with the jurors or the judge has been preserved in the transcript. Nor was this issue preserved in the motion for new trial.

Since the defendant's allegations as to the trial court's sentence has not been preserved for review, it can only be considered as plain error.

Pursuant to Rule 29.12(b) plain error may be considered when the court finds "manifest injustice or miscarriage of justice has resulted." Applying this standard of review, we fail to find any injustice in this case. There is no evidence that the trial court judge relied on the prosecutor's comments and failed to exercise his independent judgment. The defendant's final point is without merit.

Judgment affirmed.

CRIST, P.J., and PUDLOWSKI, J., concur.