

# Missouri Court of Appeals
## Southern District

### In Division

STATE OF MISSOURI,          )
                                   )
    Plaintiff-Respondent,    )
                                   )
vs.                            )       No. SD38024
                                   )
DEBBIE GOSVENER,       )       **Filed:  June 7, 2024**
                                   )
    Defendant-Appellant.    )

### APPEAL FROM THE CIRCUIT COURT OF TANEY COUNTY

The Honorable Jeffrey M. Merrell, Judge

**<u>AFFIRMED</u>**

Debbie Gosvener appeals the judgment of the Circuit Court of Taney County ("trial court") convicting her of one count of felony stealing for appropriating a credit device following a bench trial.  *See* section 570.030.5(3)(c).[1]  In one point on appeal, Gosvener argues the trial court erred by denying her motion for judgment of acquittal because there was insufficient evidence she appropriated a credit device.  We affirm her conviction.

---

[1] All references to statutes are to RSMo 2016, including any applicable changes effective August 28, 2016, unless otherwise specified.

**Factual Background and Procedural History**

On December 28, 2019, D.T. ("Victim") was on vacation in Branson with her spouse celebrating their anniversary. Victim stopped at a gas station to use the bathroom, where she left her purse. Victim's purse contained a comb, a key fob for her car, and a wallet with $30 and her debit card.

S.B. ("Manager") and Gosvener were the only two working at the cashier counter of the gas station on the day of the incident. A young girl found the purse and turned it in to Gosvener. Gosvener put the purse on the back counter and then on the floor. She and Manager then prepared to switch off duties, with Gosvener taking money to the bank. After she got her jacket and water bottle, Gosvener bent over the same corner where she had placed the purse earlier. Manager was unable to see why Gosvener was bending over. Gosvener later left the store to make the bank deposit.

Twenty minutes after she left the store, Victim realized she did not have her purse and went back to the gas station. Victim went back into the bathroom but could not find her purse anywhere. Victim spoke to Manager, but she did not know anything about the purse. Manger took Victim's name and contact information. Victim called the Branson Police Department and reported her purse as stolen and cancelled her debit card. Victim's purse, and the items from the purse, were never recovered.

The State charged Gosvener with one count of stealing a credit device for appropriating Victim's debit card, and the case proceeded to a bench trial on December 5, 2022. At trial, Manager testified she did not handle or see the purse at any point at the gas station. Manager also testified Victim's purse was found in the restroom by a young girl and that the girl turned the purse into Gosvener as Gosvener was working as the

cashier behind the counter at that time. Victim testified there was no one else in the restroom when she left her purse behind, and she said she was "out" $400 to $500 in lost or replacement items, including the purse.

Surveillance videos from the gas station were admitted into evidence at trial as State's Exhibits 1, 2, and 3.[2] Exhibit 1 showed a young girl handing Victim's purse to Gosvener at the cashier counter, and Gosvener immediately turning to her right, stepping toward the unused cash register furthest from her, setting the purse on the front counter, then returning to the cash register on the far left to complete the sale of items being purchased by the girl's family. Approximately eight minutes later, after ringing up eight more customers, Gosvener moved the purse to the opposite side of the horseshoe-shaped counter, "outside of the view" of the surveillance camera.

Exhibit 2 showed Gosvener walking to the area where she had previously placed the purse out of view, picking up a water bottle, and walking back to the other side of the counter to grab her jacket. Next, Gosvener again walks back to the area where she placed the purse and, as she is putting her jacket on, she bends down for a few seconds before standing back up and walking back to the other side of the counter. Gosvener grabs the bank deposit bag and her water bottle, then exits the gas station.

Exhibit 3 is a different camera angle of an area of the gas station adjacent to the cashier counter, and showed Victim entering the gas station, going in and out of the video

---

[2] Two of the surveillance cameras were angled toward a horseshoe-shaped cashier counter with the middle and one side open for cashiers (Exhibits 1 and 2). Only one side, the semi-circle with the cash registers, is fully visible from those two camera angles.

frame, and walking around the gas station. It showed her approaching the cashier counter and speaking to Manager.

Branson Police Sergeant Abraham Jones testified after reviewing Exhibits 1 and 2 that when Gosvener returned to the area where she put the purse, bent down as she was putting her jacket on, and put her left arm in front of her, it was "as if she's concealing something under the jacket." He further testified that when Gosvener grabbed the bank deposit bag, she "maintain[ed] her left arm up against her body." Based on Sergeant Jones's experience investigating stealing-related cases, he testified that the placement of Gosvener's left arm was "consistent with the purse being in there[,]" consistent with shoplifters trying to conceal something in a store, and "typical" of people in shoplifting cases. Sergeant Jones later questioned Gosvener and told her that her name came up in a stealing investigation. Without Sergeant Jones mentioning the stolen items, Gosvener responded by asking him, "I stole the wallet?"

Gosvener did not testify or provide other evidence. The trial court found Gosvener guilty of the class D felony of stealing a credit device after considering the evidence at trial.

**Standard of Review**

"A court reviewing the sufficiency of the evidence in a court-tried criminal case is limited to ascertaining whether the State presented sufficient evidence 'from which a trier of fact could have reasonably found the defendant guilty.'" *State v. McCord*, 621 S.W.3d 496, 498 (Mo. banc 2021) (quoting *State v. Vandevere*, 175 S.W.3d 107, 108 (Mo. banc 2005)). "In reviewing sufficiency of the evidence, we accept as true all evidence and inferences favorable to the State; all contrary evidence and inferences are disregarded." *State v. Gomez*, 672 S.W.3d 113, 119 (Mo. App. [S.D.] 2023) (quoting *State v. Shands*, 661 S.W.3d 381, 382 (Mo. App. [S.D.] 2023)). "Our assessment is not 'whether this [C]ourt believes that the evidence at trial established guilt beyond a reasonable doubt but rather a question of whether, in light of the evidence most favorable to the State, any

4

rational fact-finder could have found the essential elements of the crime beyond a reasonable doubt.'" *State v. Dickerson*, 609 S.W.3d 839, 843-44 (Mo. App. [E.D.] 2020) (quoting *State v. Johnson*, 576 S.W.3d 205, 230 (Mo. App. [W.D.] 2019)). "We do not reweigh the evidence on appeal." *Id.* at 844.

*State v. Fairley*, 676 S.W.3d 463, 468-69 (Mo. App. S.D. 2023). This standard is the same in bench-tried and jury-tried cases. *State v. Lemister*, 560 S.W.3d 609, 612 (Mo. App. S.D. 2018). When evaluating the sufficiency of the evidence, this Court affords the same weight to circumstantial and direct evidence of guilt. *State v. Baumgartner*, 607 S.W.3d 287, 288 (Mo. App. S.D. 2020).

### Analysis

One commits the offense of stealing if he or she "[a]ppropriates property . . . of another with the purpose to deprive him or her thereof, either without his or her consent or by means of deceit or coercion[.]" Section 570.030.1(1). Stealing is a class D felony if the appropriated property is "[a]ny credit device, debit device or letter of credit[.]" Section 570.030.5(3)(c).

Gosvener argues in Point I that the trial court erred by denying her motion for judgment of acquittal at the close of the State's evidence because the State "did not present sufficient evidence from which a reasonable fact finder could have found beyond a reasonable doubt, absent speculation, that Ms. Gosvener appropriated a credit device" under section 570.030.5(3)(c). She concedes Victim's purse contained a debit card when Victim left it in the gas station bathroom and that neither the purse nor debit card were ever found. Gosvener further acknowledges the trial court may infer the intent to steal a credit device from an individual appropriating a wallet or purse containing a credit device. *See State v. Burns*, 444 S.W.3d 527, 529 (Mo. App. E.D. 2014) ("[A] defendant

5

who steals a container may also be convicted of theft for stealing the contents of the container, even when the thief did not know the nature of the contents.").  Nonetheless, Gosvener claims there was insufficient evidence she stole Victim's purse or debit card because no witness "personally observed" her take them, and the State did not prove the debit card was still in the purse when it was delivered to Gosvener.  We disagree.

Viewing the evidence in the light most favorable to the judgment, there was sufficient circumstantial evidence for the trial court to infer Gosvener stole Victim's purse and debit card.  *See Baumgartner*, 607 S.W.3d at 288 (holding there was sufficient evidence to affirm a stealing conviction based on circumstantial evidence alone).  After a girl found Victim's purse in the bathroom, she delivered it to Gosvener.  Manager and Gosvener were the only two working at the gas station on the day in question, but Manager neither handled nor saw the purse at any point.  Gosvener was the last known individual to handle the purse before its disappearance.  The purse remained on the counter until Gosvener put it on the floor, just outside the security camera's view.  The trial court could reasonably infer Gosvener planned to steal the purse from her moving it outside of view.  *See State v. Tilton*, 660 S.W.3d 500, 503 (Mo. App. S.D. 2023) (intent to steal inferred from surveillance footage showing the defendant scanning the area to ensure no one was watching).

Gosvener was later seen in the gas station's surveillance videos bending over the same corner where she moved the purse.  After she got up, Gosvener had her left arm in front of her, and the purse was not seen again.  The trial court could conclude from this sequence that Gosvener was holding the purse under her left arm to steal it even if no one observed her taking the purse away.  *See Int. of D.E.W.*, 617 S.W.3d 514, 521 (Mo. App.

E.D. 2021) (affirming a conviction for stealing despite "no specific evidence" showing the defendant broke into vehicles or took items at issue); *see also* **State v. Giles**, 949 S.W.2d 163, 167 (Mo. App. W.D. 1997) (finding sufficient evidence to infer a defendant stole money despite surveillance footage not showing the defendant take money from a cash register). Furthermore, the trial court heard Sergeant Jones's explanation that Gosvener's behavior was "consistent" with someone attempting to conceal an item and "typical" of a shoplifter. Sergeant Jones's testimony was based on his experience investigating thefts, and a law enforcement officer may testify on his or her "observation of a fact based on the witness' experience as a police officer." **State v. Loper**, 609 S.W.3d 725, 733-34 (Mo. banc 2020) (quoting **State v. Galvin**, 483 S.W.3d 462, 467 (Mo. App. E.D. 2016)).

Perhaps most incriminating, Gosvener asked if she stole "*the* wallet" before Sergeant Jones specified what items pertained to his investigation. (Emphasis added). The trial court could reasonably view Gosvener's response as an admission of her knowledge that Sergeant Jones was searching for the stolen purse and her own consciousness of guilt. *See* **State v. Warren**, 304 S.W.3d 796, 800 (Mo. App. W.D. 2010) ("[A] defendant's self-incriminating statements and conduct evidencing consciousness of guilt constitute incriminating circumstances."); *see also* **State v. Smith**, 527 S.W.2d 731, 733 (Mo. App. St.L.D. 1975) (finding sufficient evidence to affirm a stealing conviction based, in part, on a defendant's incriminating statement).

As for Gosvener's argument that the State did not prove the debit card was still in the purse when it was delivered to her, the record does not definitively disprove the possibility of someone removing the debit card from Victim's purse before it was given

7

to Gosvener. However, "[t]he State was not required to show that the evidence was inconsistent with [Gosvener's] innocence, nor was it required to affirmatively disprove every other reasonable hypothesis of innocence." *State v. Dillbeck*, 654 S.W.3d 393, 402 (Mo. App. S.D. 2022); *see also* *State v. Evans*, 992 S.W.2d 275, 294 (Mo. App. S.D. 1999) ("Defendant mistakenly asserts that the State also has an affirmative duty to disprove every reasonable hypothesis except that of guilt; it does not."). On appeal, this Court considers only whether the State presented sufficient evidence from which any finder of fact could have reasonably found Gosvener guilty of the charged offense beyond a reasonable doubt. *Fairley*, 676 S.W.3d at 469. That evidence did not have to "disprove every *possible* theory under which [Gosvener] could be innocent[.]" *State v. Parrish*, 684 S.W.3d 752, 757 (Mo. App. E.D. 2024) (internal quotation marks and citation omitted).

The State's evidence showed Victim's purse included Victim's debit card, and a girl gave the purse to Gosvener after Victim left it in the restroom. The trial court could reasonably infer the girl, who performed a good deed by turning in the purse, did not remove Victim's debit card from the purse and from that inference conclude the debit card remained in Victim's purse when Gosvener hid it under her left arm. The trial could also conclude Gosvener stole the purse to obtain its valuable contents, including the debit card, and not just the purse itself. *See Burns*, 444 S.W.3d at 529 ("It is also a reasonable inference that a person stealing a wallet from a purse intends to steal the contents of that wallet and not merely the wallet itself."). Someone removed Victim's purse containing her wallet and debit card from the gas station. "The evidence points sufficiently to the suggestion that it was [Gosvener]." *Giles*, 949 S.W.2d at 167. Point I is denied.

8

The trial court's judgment convicting Gosvener of stealing for appropriating a credit device is affirmed.


JENNIFER R. GROWCOCK, J. – OPINION AUTHOR

DON E. BURRELL, J. – CONCURS

BECKY J.W. BORTHWICK, J. – CONCURS